Diane C. MARTIN, Plaintiff-Appellant,

v.

Nelson STOKES t/a Nelson Stokes
Garage and Allen R. Lisenby,
Defendants-Appellees.

No. 78–3390.

United States Court of Appeals,
Sixth Circuit.

Argued April 17, 1980.

Decided June 19, 1980.

Jeffrey H. Krasnow, Roanoke, Va., for plaintiff-appellant.

Burke B. Terrell, Hardy, Terrell & Boswell, Paducah, Ky., for defendants-appellees.

Before CELEBREZZE, KEITH and BROWN, Circuit Judges.

BAILEY BROWN, Circuit Judge.

This appeal presents the intriguing but difficult question of what state law should be applied in this diversity action originally commenced in a federal district court in Virginia and subsequently transferred to a federal district court in Kentucky.

## I

The plaintiff, Diane C. Martin, was injured in an automobile accident at Ft. Campbell, Kentucky on August 2, 1973. The other vehicle was driven by Allen R. Lisenby, a minor and a citizen of California, and the vehicle was owned by the minor's grandfather, Nelson Stokes, who operated a garage in the Ft. Campbell area and was a citizen of Kentucky. The minor, with his mother, was visiting in the area at the time. Thereafter, Ms. Martin retained counsel at her home in Roanoke, Virginia, and counsel entered into settlement negotiations with adjusters for the liability insurance company whose policy covered the vehicle driven by Lisenby. Both Martin's attorney and the adjusters were under the mistaken impression that Kentucky, like Virginia, had a two-year applicable statute of limitations; in fact, the applicable Kentucky statute was one year.

After somewhat more than a year had expired following the accident, offers had been made by the adjusters and rejected, and a lawsuit was contemplated, the adjusters and counsel for Martin discovered that Kentucky's statute of limitations was one year. Counsel for Martin thereupon, in March, 1975, filed a diversity action for her in the federal district court for the Western District of Virginia and summonses were directed to the United States Marshals at Los Angeles and Paducah, Kentucky, and Lisenby and Stokes were personally so served in their home districts.

Lisenby and Stokes then, through their attorney retained by the insurance company, filed motions to "quash process . . . for the reason that service of process was had on this defendant outside of the territorial limits of the State of Virginia." While these motions were probably well taken (see Rule 4(f), Fed.R.Civ.P.), the district court denied them and, in the order denying these motions to quash process, the district court granted defendants' oral motion to transfer the case to the Western District of Kentucky.[1] This order did not state the ground for denying the motions to quash. It also did not state whether the transfer was for the convenience of the parties and the witnesses under 28 U.S.C. § 1404(a) or was a transfer under 28 U.S.C. § 1406(a) because there was a legal impediment to proceeding in that forum, and, as will be seen, the nature of the transfer determines the law to be applied.

Following the transfer to Kentucky, Lisenby and Stokes filed a motion to dismiss the action asserting that it was barred by the one year Kentucky statute of limitations. In response to that motion, Martin contended that the two year Virginia statute of limitations was controlling. The district court, in granting the motion to dismiss, concluded that the Kentucky statute was applicable and that therefore the action

---

1. Ft. Campbell is in that district.

was barred by the one year statute of that state. Martin then brought this appeal.

The parties agree that a Virginia state court would, labeling its statute of limitations as "procedural" law, apply its statute to this claim even though it grew out of an accident that occurred in Kentucky. It appears that the federal district court in Virginia should and would have likewise applied the Virginia statute; this is true because the federal district court should and would, for *Erie* purposes, have characterized this choice of law principle of Virginia as being "substantive" law. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Sampson v. Channell*, 110 F.2d 754 (1st Cir.), *cert. denied*, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415 (1940). Thus, as the parties agree, the question is whether the Kentucky federal district court should apply the Virginia statute of limitations as the Virginia federal district court would have or should apply the Kentucky statute as it would have had this action initially been filed there.

## II

In *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court resolved at least in part the issue of what state law should be applied following the transfer of a diversity action from a federal district court in one state to a federal district court in another state. The Court held that where a defendant seeks and obtains a "convenience" transfer of venue pursuant to 28 U.S.C. § 1404(a), "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *Van Dusen*, however, did not specifically decide whether the state law to be applied following a transfer should be affected by which party sought the transfer. *See* Note, *Choice of Law in Federal Court After Transfer of Venue*, 63

Cornell Law Review 149 (1977), 1 *Moore's Federal Practice* ¶ 0.145[4.–5] at 1608–1614. We conclude that it should make no difference whether the transfer was made on motion of plaintiff or defendant and that, as stated, the choice of law should depend upon the motive of the transfer, that is, whether the transfer was pursuant to 28 U.S.C. § 1404(a) or § 1406(a).

### A.

■ The purposes of the two principal transfer provisions are significantly different. Section 1404(a)[2] applies in general to those actions brought in a permissible but inconvenient forum. A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice," transfer the action to a more convenient forum. In contrast, § 1406(a)[3] applies in general to those actions brought in an impermissible forum. Rather than dismiss the action when the issue is raised, a district court may, in its discretion, transfer the action to a permissible forum.

In reaching its conclusion in *Van Dusen* that, in a "convenience" transfer, the law of the transferor court is to be applied, the Supreme Court relied primarily on the underlying purposes of § 1404(a).

The legislative history of § 1404(a) certainly does not justify the rather startling conclusion that one might "get a change of law as a bonus for a change of venue." Indeed, an interpretation accepting such a rule would go far to frustrate the remedial purposes of § 1404(a). If a change of law were in the offing, the parties might well regard the section primarily as a forum-shopping instrument. And, more importantly, courts would at least be reluctant to grant transfers, despite considerations of convenience, if to do so might conceivably prejudice the claim of a plaintiff who had initially se-

---

**2.** 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**3.** 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any division or division in which it could have been brought."

lected a permissible forum. We believe, therefore, that both the history and purposes of § 1404(a) indicate that it should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.

(Footnotes omitted.) *Van Dusen v. Barrack, supra* at 636–637, 84 S.Ct. at 819. Since a transfer under § 1404(a) represents only a change in courtrooms for the convenience of the litigants and witnesses, it should not affect the state law governing the action.

The purposes of § 1406(a), however, suggest just the opposite choice of law. A transfer under § 1406(a) is based not on the inconvenience of the transferor forum but on the impropriety of that forum. If the state law of the forum in which the action was originally commenced is applied following a § 1406(a) transfer, the plaintiff could benefit from having brought the action in an impermissible forum. Plaintiffs would thereby be encouraged to file their actions in the federal district court where the state law was the most advantageous, regardless of whether that district court was a proper forum. Such forum-shopping was what the Supreme Court sought to eliminate by its decision in *Van Dusen.* Accordingly, we conclude, as have the majority of authorities that have considered this question, that following a transfer under § 1406(a), the transferee district court should apply its own state law rather than the state law of the transferor district court. *See Geehan v. Monahan,* 382 F.2d 111 (7th Cir. 1967); *Broome v. Antlers' Hunting Club,* 448 F.Supp. 121 (M.D.Pa.1978), *rev'd on other grounds,* 595 F.2d 921 (3rd Cir. 1979); Note, *Choice of Law in Federal Court After Transfer of Venue, supra* at 160; 1 *Moore's Federal Practice, supra* at 1608.

While some authorities, including one in this court, have emphasized the importance of the party seeking the transfer, *see Carson v. U-Haul Co.,* 434 F.2d 916 (6th Cir. 1970);[4] *Parham v. Edwards,* 346 F.Supp. 968 (S.D.Ga.1972), *aff'd per curiam,* 470 F.2d 1000 (5th Cir. 1973); 15 Wright, Miller, and Cooper, *Federal Practice and Procedure,* § 3846, we believe that the more appropriate emphasis is on the nature of the transfer. If, for example, the choice of law is based on which party requested the transfer, then the danger of improper forum-shopping would still remain in those situations where the plaintiff had brought his action in a permissible forum but had selected one with less favorable state law. The plaintiff could correct that error simply by moving to transfer the action under § 1404(a). *See* Note, *Choice of Law in Federal Court After Transfer of Venue, supra.* Section 1404(a) in such a situation would, contrary to *Van Dusen,* represent more than just a change of courtrooms. Moreover, such a result would be inconsistent with the underlying policies of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). As stated in *Van Dusen v. Barrack, supra,* 376 U.S. at 638–639, 84 S.Ct. at 820,

we should ensure that the "accident" of federal diversity jurisdiction does not enable a party to utilize a transfer to achieve a result in federal court which could not have been achieved in the courts of the State where the action was filed. This purpose would be defeated in cases such as the present if nonresident defendants, properly subjected to suit in the transferor State (Pennsylvania), could invoke § 1404(a) to gain the benefits of the laws of another jurisdiction (Massachusetts). What *Erie* and the cases fol-

4. In this case, in determining that the statute of limitations of the transferee state, Kentucky, rather than the transferor state, Georgia, should be applied, where the Georgia federal district court did not have *in personam* jurisdiction as to defendants, this court did rely in part on the fact that *plaintiff* had sought the transfer, but it also is clear from the opinion that the

court was persuaded by the fact that defendants were not effectively before the court in Georgia. The court pointed out that to allow plaintiffs to have the benefit of the laws of the state in which the action was filed but which had no jurisdiction would encourage forum-shopping.

lowing it have sought was an identity or uniformity between federal and state courts, and the fact that in most instances this could be achieved by directing federal courts to apply the laws of the States "in which they sit" should not obscure that, in applying the same reasoning to § 1404(a), the critical identity to be maintained is between the federal district court which decides the case and the courts of the State in which the action was filed.

(Footnotes omitted.)

By determining the choice of law solely on the basis of the nature of the transfer, a result is reached that is consistent both with *Van Dusen* and the *Erie* doctrine. Once a plaintiff has exercised his choice of forum by selecting a permissible forum, the state law of that forum should govern the action, regardless of the wisdom of the plaintiff's selection. Thus, no matter who seeks to transfer the action to a more convenient forum under § 1404(a), the state law of the forum in which the action was originally commenced remains controlling. In this manner, the outcome in the transferee district court will be the same as the outcome would have been in the state courts of the state where the action was originally brought.

Accordingly, we conclude that the choice of law is dependent on the nature of the transfer. If an action is transferred under § 1404(a), the state law of the transferor court should be applied. In contrast, if an action is transferred under § 1406(a), the state law of the transferee district court should be applied.

### B.

While the law to be applied following a transfer is determined by the nature of that transfer, the nature of that transfer is often difficult to ascertain. The Courts of Appeal have construed § 1404(a) and § 1406(a) in conflicting manners, particularly in the context of the transfer of an action brought in a district court where venue was proper but personal jurisdiction over the defendant was absent.[5]

In *Goldlawr v. Heiman*, 369 U.S. 463, 466–467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962), the Supreme Court held that a district court in which venue was improper could transfer an action under § 1406(a) even though it lacked personal jurisdiction over the defendant.

> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.

Justice Harlan dissented from *Goldlawr* on the basis that the opinion permitted the transfer of actions "where both venue and jurisdiction are lacking in the district where the action was commenced, while neglecting to provide any comparable alleviate measures for the plaintiff who selects a district where venue is proper but where personal jurisdiction cannot be obtained." *Goldlawr v. Heiman, supra* at 468, 82 S.Ct. at 916.

Since *Goldlawr*, the Courts of Appeal have uniformly held that an action brought in a district court where venue is proper but where personal jurisdiction is lacking may be transferred to a proper forum. The bases for allowing such transfer, however, have been far from uniform. Some courts have applied the rationale of *Goldlawr* to § 1404(a) holding that a transfer under § 1404(a) is proper even though the district court lacks personal jurisdiction over the defendant. *United States v. Berkowitz*, 328 F.2d 358 (3rd Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Koehring Company v. Hyde Construction*

---

**5.** Since Martin resided in the Western District of Virginia, venue was proper there. 28 U.S.C. § 1391. As will be seen, the problem here is that *in personam* jurisdiction was probably lacking.

*Company*, 324 F.2d 295 (5th Cir. 1963). *See also* 15 Wright, Miller, and Cooper, *Federal Practice and Procedure* § 3827. Other courts, rather than relying on § 1404(a), have interpreted § 1406(a) broadly to provide for the transfer of an action where there exists any obstacle to adjudication such as improper venue or lack of personal jurisdiction. *Mayo Clinic v. Kaiser*, 383 F.2d 653 (8th Cir. 1967); *Dubin v. United States*, 380 F.2d 813 (5th Cir. 1967). One Circuit, declining to rely either on § 1404(a) or on § 1406(a), has adopted a third position. It has held that an action brought in a district court where venue · is proper but personal jurisdiction is absent may be transferred when in the interest of justice. *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978).

These three conflicting bases for permitting a transfer reflect the difficulty of construing either § 1404(a) or § 1406(a) so as to cover the transfer of an action brought in a district court where venue is proper but where personal jurisdiction cannot be obtained.[6] Section 1404(a) does not seem to provide for transfer in such a situation in that § 1404(a), to the extent that it is comparable to the doctrine of forum non conveniens, presumes the existence of two permissible forums.[7] But neither does § 1406(a) appear to provide for such a transfer in that it is defined in terms of the transfer of an action "laying venue in the wrong division or district." Thus, whereas the reliance on § 1404(a) necessitates an overly simplified construction of that provision, the reliance on § 1406(a) necessitates an overly broad interpretation.

█ In confronting this issue, this Circuit has adopted the broad construction of § 1406(a). In *Taylor v. Love*, 415 F.2d 1118, 1120 (6th Cir. 1969), *cert. denied*, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970),

Judge Edwards, quoting from *Dubin v. United States, supra* at 815, stated:

> "Looking to the language of § 1406, the statute is couched in terms of 'laying venue in the wrong division or district.' The statute does not refer to 'wrong' venue, but rather to venue laid in a 'wrong division or district.' We conclude that a district is 'wrong' within the meaning of § 1406 whenever there exists an 'obstacle [to] . . . an expeditious and orderly adjudication' on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle."

The law in this Circuit, therefore, is that § 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction. This construction of § 1406(a) necessarily limits the application of § 1404(a) to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper.

### C.

Accordingly, the law to be applied following the transfer of an action depends on the nature of that transfer. The nature of the transfer depends in turn on whether the transferor district court was one where venue was proper and where personal jurisdiction over the defendant could be obtained. Unfortunately, in this case, the defendants' motion to transfer was oral and the record does not indicate the basis of the transfer to Kentucky. Nor does the record show whether personal jurisdiction could be obtained over the defendants though such appears unlikely.[8]

---

6. In *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir. 1978), the Fifth Circuit held that the transfer of such action may be permitted under either § 1404(a) or § 1406(a), implicitly assuming that the transfer provisions overlap in this particular area.

7. In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947), the

Supreme Court stated that the doctrine of forum non conveniens "presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them."

8. The plaintiff contends that to the extent the defendants objected only to the manner of serving process, they waived any objection to per-

It appears that the only basis for such jurisdiction would have been Virginia's broad long-arm statute.[9] But that statute can be relied upon, of course, only when a defendant has sufficient minimum contacts to satisfy due process requirements. *See Willis v. Semmes, Bowen & Semmes,* 441 F.Supp. 1235 (E.D.Va.1977). The record in this case does not affirmatively reflect whether or not the defendants have such minimum contacts. The district judge in the Western District of Kentucky correctly determined that if the district court in Virginia could not obtain personal jurisdiction of defendants, then the Kentucky statute of limitations should be applied; the problem is that the record was not complete enough for the district judge to determine that jurisdiction could not be obtained under Virginia's long-arm statute.

■ Accordingly, we believe that this case should be remanded to the district court in Kentucky for a determination of whether the defendants had sufficient contacts with Virginia to permit service of process through the Virginia long-arm statute. If the district court could have obtained personal jurisdiction by means of that statute, then the transfer could only have been pursuant to § 1404(a). Virginia law would therefore be applicable. If the district court could not have obtained personal jurisdiction, however, then the transfer could only have been made pursuant to § 1406(a). In such a situation, Kentucky law would be controlling.

### III

■ The plaintiff asserts, as a separate basis for reversal, that the defendants are estopped, under both Kentucky law and Virginia law, from raising the statute of limitations as a defense to this action. As a basis for such estoppel, the plaintiff relies on the fact that neither the insurance adjuster for the defendants nor the attorney for the plaintiff realized during settlement negotiations that Kentucky had a one year statute of limitations.

We conclude that the plaintiff's argument lacks merit. If Virginia law is applied in this case, then the issue of estoppel need not be decided since this action was filed within the applicable statute of limitations for that state. If Kentucky law is applied, then the ignorance of both parties as to the length of the statute of limitations would not be sufficient under Kentucky law to estop the defendants from asserting the statute of limitations, particularly when the plaintiff is being represented by an attorney. *See Miller v. Thacker,* 481 S.W.2d 19 (Ky.1972). There is no claim of fraud on the part of the insurance adjusters; indeed, the record shows that they made a settlement offer *after* Kentucky's one year statute expired and before the action was filed.

### IV

Accordingly, the decision of the district court is vacated. The case is remanded for further proceedings not inconsistent with this decision.

sonal jurisdiction. However, there is no longer a "motion to quash" as defendants filed; technically, the proper motion would have been a motion to dismiss for insufficiency of service under Rule 12(b)(5), Fed.R.Civ.P., though the trial court entertained and acted on the motion. They could have filed also a motion to dismiss under Rule 12(b)(2) for lack of jurisdiction of their persons, but instead, as stated, they orally moved to transfer which the court granted. We do not believe that the record shows that they waived their right to raise the personal jurisdiction issue or submitted generally to the jurisdiction of the federal district court in Virginia.

9. Va.Code § 8.01–328.1.