T–BIRDS, INC., Thomas B. Kyle, Jr., Plaintiffs,

v.

THOROUGHBRED HELICOPTOR SERVICE, INC., Defendant.

Civ. A. No. 78–137.

United States District Court, E. D. Kentucky.

May 28, 1982.

David B. Redwine, Winchester, Ky., for plaintiffs.

Fred C. Begy, III, Theodore G. Kolias, Lord, Bissell & Brook, Chicago, Ill., Frederick D. Freed, Gaier, Pratt & Freed, Piqua, Ohio, Joseph W. Scott, Jr., Stoll, Keenon & Park, Lexington, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

This suit was filed by Thomas B. Kyle, Jr. (Kyle) and T-Birds, Inc. (T-Birds) against Thoroughbred Helicoptor Service, Inc. (Thoroughbred). Plaintiffs alleged that they were damaged as the result of a helicopter crash which occurred on April 3, 1976. Plaintiffs also alleged that shortly before the accident Thoroughbred had undertaken to completely overhaul plaintiff T-Birds' helicopter but had done so negligently. Thoroughbred denied liability and asserted a counterclaim against T-Birds for services rendered upon the helicopter.

Kyle was piloting the helicopter owned by T-Birds when it crashed on April 3, 1976, in Miami County, Ohio. This suit was originally brought in the Court of Common Pleas, Miami County, Ohio, on March 30, 1978.

Count I of the complaint alleges that Thoroughbred's negligent overhauling of the helicopter's engine was a proximate cause of the accident. T-Birds seeks recovery in the amount of $15,000 for damages its helicopter sustained in the accident. Kyle seeks recovery in the amount of $9,500 for personal injuries he sustained in the accident. Count II of the same complaint alleges breach of the Uniform Commercial Code's (UCC) warranty provisions.

The action was removed to the United States District Court for the Southern District of Ohio by reason of diversity of citizenship. Chief Judge Carl B. Rubin, of the Southern District of Ohio, by order dated August 15, 1978, held that the Court lacked personal jurisdiction over the defendants. Chief Judge Rubin transferred this case to the Eastern District of Kentucky pursuant to 28 U.S.C. Section 1404(a) (Section 1404(a)). The case was subsequently assigned to the undersigned Judge "for all purposes" on June 6, 1981. The action is now before this Court upon defendant's motion to dismiss the personal injury claim of plaintiff Kyle and for summary judgment on its counterclaim. Both sides have briefed the issues raised by these motions and the Court has heard oral argument. The motions are ready for disposition.

Thoroughbred's motion to dismiss is based on the argument that Kyle's personal injury claim is barred by Kentucky's one year statute of limitations. Kentucky Revised Statutes (KRS), Section 413.140 provides that:

The following actions shall be commenced within (1) year after the cause of action occurred:

(a) An action for an injury to the person of the plaintiff....

Plaintiff Kyle replies that Ohio's two year statute of limitations is applicable. *See* Ohio Rev.Code Ann. Section 2305.10 (Page 1954). This Court, therefore, is confronted with a choice of law issue concerning whether this Court should apply the Ohio statute of limitations or should apply the Kentucky statute to Kyle's personal injury claim.

I regard the case of *Martin v. Stokes*, 623 F.2d 469 (6th Cir. 1980) as dispositive of the issue presented. In *Martin*, plaintiff brought a personal injury diversity action in the state of her residence which was Virginia, against an owner and driver of the other vehicle involved in an accident in Kentucky. The action was transferred to the Western District of Kentucky upon defendant's oral motion. The order of transfer did not specify whether the transfer was for the convenience of the parties and the witnesses under 28 U.S.C. Section 1404(a) or was a transfer under Section 1406(a) of the same Title, because there was a legal impediment to proceeding in that forum.

After the transfer, the defendants filed a motion to dismiss the action claiming that it was barred by the one year Kentucky statute of limitations. Plaintiff contended that the two year Virginia statute was applicable and the action was timely filed. The district court dismissed the action, concluding that Kentucky's statute was applicable. In considering the appeal, the Court of Appeals for the Sixth Circuit relied in part on *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) and declared that the state law of the transferor court applies if the action is transferred under Section 1404(a). In contrast, however, the state law of the transferee court is applicable if the action is transferred pursuant to Section 1406(a).

The Sixth Circuit was then presented the difficult task of determining when an action was appropriate for transfer under Section 1404(a) and Section 1406(a). The Sixth Circuit held that:

The law in this Circuit, therefore, is that Section 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either *improper venue or lack of personal jurisdiction.* This construction of Section 1406(a) necessarily limits the application of Section 1404(a) to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper.

*Martin v. Stokes*, 623 F.2d at 474 (emphasis added); *Accord, Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1110 (5th Cir. 1981); *Neff Athletic Lettering Co. v. Walters*, 524 F.Supp. 268, 270 (S.D.Ohio 1981); *Pfeiffer v. International Academy of Biomagnetic Medicine*, 521 F.Supp. 1331, 1342 n.8 (W.D.Mo.1981). The Court of Appeals remanded the case to the Kentucky district court for a determination of whether the Virginia district court had personal jurisdiction over the defendants.

In the case before us, Chief Judge Rubin specifically found that the Ohio federal district court lacked personal jurisdiction over defendant and transferred this action pursuant to Section 1404(a). At the time of his decision, Chief Judge Rubin did not have the benefit of *Martin*. In light of *Martin*, this Court must now hold that the transfer could only have been made pursuant to Section 1406(a). Therefore, the state law of Kentucky is applicable. Accordingly, Kyle's personal injury claim based on a negligence theory is barred by the one year Kentucky statute of limitations.

■ As stated earlier, Kyle also seeks recovery under the UCC breach of warranty provisions. The applicable Kentucky UCC statute of limitations is four years. *See* KRS 355.2–725. There appears to be a conflict between Section 2–725 and the general statute of limitations for personal injuries. See Brickley, *Products Liability in Kentucky: The Doctrinal Dilemma*, 65 Ky. L.J. 593 (1977); *see also Reid v. Volks-*

wagen of America, Inc., 512 F.2d 1294 (6th Cir. 1975) (Michigan law); *Val Decker Packing Co. v. Corn Prod. Sales Co.*, 411 F.2d 850 (6th Cir. 1969) (Ohio law). The cited cases and law journal article indicate that the conflict should be resolved by applying Section 2–725 to personal injury claims brought under a breach of warranty theory of recovery. This issue, however, need not be addressed because this Court concludes, and the record clearly establishes without doubt, that the transaction between the parties did not involve a transaction in goods within the context of KRS 355.2–102, but involved a rendition of services in which a sale of goods were incidental thereto.[1]

In *Riffe v. Black*, 548 S.W.2d 175 (Ky. App.1977), the Kentucky appellate court stated that "the warranty provisions of KRS 355.2–314 and KRS 355.2–315 apply to services when the sale is primarily one of goods and the services are necessary to insure that those goods are merchantable and fit for the ordinary purpose." *Id.* at 177. In the instant case, the predominant aspect of the contract was the rendition of services, i.e., a major engine overhaul of T-Birds' helicopter. Therefore, the UCC warranty provisions do not apply to this particular transaction. *See* Annot. 5 A.L.R. 4th 501 (1981). Accordingly, Count II of the plaintiffs' complaint shall be dismissed.

We now turn to Thoroughbred's motion for summary judgment on its counterclaim. The proper standard for summary judgment is stated in Rule 56.

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

The evidence and any inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *Rogers v. Peabody Coal Co.*, 342 F.2d 749 (6th Cir. 1965). If there is a disputed factual issue before the Court, it should not be resolved upon motion for summary judgment. *Lashlee v. Sumner*, 570 F.2d 107 (6th Cir. 1978).

After reviewing the record, the Court concludes that there are genuine issues of material fact which are triable. Therefore, in the opinion of the Court, summary judgment is inappropriate as to defendant's counterclaim. Defendant's motion is denied.

IT IS THEREFORE ORDERED AS FOLLOWS:

(1) That the defendant's motion to dismiss Kyle's personal injury claim is construed as a motion for summary judgment and the relief sought is hereby GRANTED;

(2) That Count II of plaintiffs' complaint is hereby DISMISSED;

(3) That the defendant's motion for summary judgment on its counterclaim is hereby DENIED.

A separate judgment in conformity with this memorandum opinion and order will be this day filed.

---

1. Because matters outside the pleadings were presented to and not excluded by the Court, the 12(b)6 motion will be treated as one for summary judgment. Both parties have briefed the issue.