818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William COPLEY; Patsy Copley; and Dale Copley, Plaintiffs-Appellants,
v.
HEIL-QUAKER CORPORATION; Honeywell, Inc.; Sears, Roebuck &
Company; Phillips Bottled Gas Company; and Frey
& Sons, Defendants-Appellees.
 No. 86-3360.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1987.
 
 Before MARTIN, JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case stems from injuries sustained by William Copley when a gas furnace exploded in his home. Copley, his wife, and son appeal the district court's entry of summary judgment for the defendants based on the Copleys' failure to comply with the statute of limitations. We affirm.
 
 
 2
 In December 1975 Copley awoke to find his furnace inoperative. He went to the basement where he smelled liquid propane gas and heard a hissing noise. He manually closed the gas valve and attempted to turn on an electric fan to disburse the gas prior to relighting the pilot light. A spark from the fan ignited the gas and Copley was severely burned.
 
 
 3
 The furnace was manufactured by Heil-Quaker, a Delaware corporation with its principal place of business in Tennessee. The gas valve was manufactured by Honeywell, Inc., a Delaware corporation with its principal place of business in Minnesota.
 
 
 4
 The Copleys filed a personal injury action against Heil-Quaker in federal court in Ohio in August 1982. They filed a common law action for negligence and breach of warranty against Honeywell in federal court in Minnesota in September 1982. Also in September they amended their Ohio complaint to assert a statutory claim against Honeywell, alleging violation of the Consumer Product Safety Commission's reporting rules. The Minnesota cause of action was transferred to Ohio and the cases consolidated. The district court granted summary judgment to both defendants based on its determination that the claims were time-barred.
 
 
 5
 The statute of limitations for personal injury actions in Ohio is two years. Ohio Rev. Code Sec. 2305.10. The statutory period under Minnesota law for the common law claims is six years for negligence and four years for breach of warranty. Minn. Stat. Sec.Sec. 541.05(5), 336.2-725. Minnesota law determines the applicable period for these claims because of the general federal rule, as applied in this circuit, that when diversity actions are transferred for the convenience of the parties under 28 U.S.C. Sec.l404(a), the state law of the transferor court should be applied. Van Dusen v. Barrack 376 U.S. 612, 639 (1964); Martin v. Stokes, 623 F.2d 469, 473 (6th Cir. 1980).
 
 
 6
 The Copleys filed suit in September 1982, approximately six years and nine months after the December 1975 explosion. They argue that their complaint against Honeywell is timely, however, because the limitations period should be tolled under the doctrine of fraudulent concealment. We find this argument unpersuasive. The doctrine of fraudulent concealment is commonly applied in instances where a defendant by fraud has prevented a plaintiff from learning of his cause of action. DeCosse v. Armstrong Cork Co., 319 N.W.2d 45 (Minn. 1982); Couillard v. Charles T. Miller Hosp., Inc., 253 Minn. 418, 92 N.W.2d 96 (1958). In such cases, the statute of limitations is tolled until the cause of action is discovered or could have been discovered through due diligence. In the current case plaintiffs knew Copley had been injured at the time of the explosion and knew immediately that the source of his injury was the furnace. Shortly after the accident, a plumber told Patsy Copley that in his opinion the explosion was caused by the Honeywell valve. He retained the valve in the event she later needed it. Thus, even assuming that Honeywell did act fraudulently, its conduct did not prevent the Copleys from uncovering material facts necessary to the commencement of their action.
 
 
 7
 William Copley also argues that the limitations period should be tolled because of his alleged disability as a result of the explosion. However, under Minnesota law a plaintiff's disability
 
 
 8
 existing at the time when a cause of action accrued or arising anytime during the period of limitation, shall suspend the running of the period of limitation until the same is removed; provided that such period, except in the case of infancy, shall not be extended for more than five years, nor in any case for more than one year after the disability ceases ....
 
 
 9
 Minn. Stat. Sec.541.15. Thus, William Copley, who was allegedly disabled until March 1980, would have had until March 1981 to file his claim. The claim of his son, who reached majority in December 1976, is also time-barred under the statute.
 
 
 10
 Further, we find the Copleys' statutory complaint seeking damages for violations of the reporting requirements of the Consumer Product Safety Commission, 15 U.S.C. Sec. 2064(b), to be controlled by the reasoning stated in Drake v. Honeywell, Inc., 797 F.2d 603 (8th Cir. 1986) (failure to comply with the Commission's reporting rules does not give rise to a private cause of action). Accordingly, the claims against Honeywell were properly dismissed by the district court.
 
 
 11
 With regard to the Copleys' claim against Hail-Quaker, the cause of action for personal injury accrued at the time of the accident. The applicable limitations period is two years. Mrs. Copley's cause of action commenced to run immediately, Mr. Copley's commenced, at the latest, on the cessation of his alleged incapacity in March 1980, and Dale Copley's commenced when he reached majority. Thus, even if each is given the benefit of Ohio's disability statute, Ohio Rev. Code Sec. 2305.16, none was timely when filed in September 1982.
 
 
 12
 Finally, plaintiffs argue that Heil-Quaker should not be permitted to have the benefit of Ohio's statute of limitations unless and until it obtains a license to do business in Ohio. Because we find the application of Ohio's saving clause, Ohio Rev. Code Sec. 2305.15, to be in violation of the commerce clause of the Constitution, Bendix Autolite Corp. v. Midwesco Enterprises, Inc., No. 853784 (6th Cir. May--, 1987), we affirm the decision of the district court dismissing as untimely plaintiffs' claim against Heil-Quaker.