835 F.2d 878
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re the HENRY & WRIGHT CORPORATION, Debtor.
Frank OLLE, Jr., Automatic Press Corporation, and James W.
Cato, Plaintiffs- Appellees,
v.
The HENRY & WRIGHT CORPORATION, Defendant-Appellant.
 No. 86-3506.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1987.
 
 Before MERRITT and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this bankruptcy case, appellant Henry & Wright Corporation seeks review of a District Court decision that the Bankruptcy Court was without jurisdiction to enter an Amended Order Confirming Sale Nunc Pro Tunc. We hold that the District Court should have remanded the case to the Bankruptcy Court for detailed findings of fact and conclusions of law under Rule 52, F.R.Civ.P.; therefore, we remand to the District Court with instructions to remand to the Bankruptcy Court for findings of fact and conclusions of law.
 
 
 2
 This appeal concerns the liquidation of Henry & Wright Corporation (H & W 1) in Chapter 7 bankruptcy proceedings. On November 8, 1982, the Trustee in bankruptcy filed with the Bankruptcy Court a Complaint to Sell Personal Property. The property which was to be sold included "inventory, supplies, equipment, engineering plans and documents, and good will and trade name" of H & W 1. A liquidation sale was held on December 14, 1982. Press Services, Inc. made a bulk bid of $25,000, which was accepted. The Trustee requested that the Bankruptcy Court issue an order confirming the sale and abandoning the good will and trade name. On December 16, 1982, the Bankruptcy Court entered the requested order.
 
 
 3
 Press Services, Inc. used the assets it had purchased at the liquidation sale to form a new Henry & Wright Corporation (H & W 2). A group of former officers and employees of H & W 1 formed Automative Press Corporation (APC), which engages in work similar to that formerly engaged in by H & W 1 and currently engaged in by H & W 2.
 
 
 4
 In November 1984, H & W 2 filed suit in District Court against APC and its officers. H & W 2 stated in its complaint that it had purchased all of the assets, including the good will and trade name, of H & W 1. The complaint charged APC with, among other things, tortious interference with good will and infringement of trade name. APC's defense is substantially based on the Bankruptcy Court's Order Confirming Sale, which ordered that the good will and trade name be abandoned.
 
 
 5
 In July 1985, Press Services, Inc. filed with the Bankruptcy Court a motion to correct the Order Confirming Sale. The motion contained the affidavit of the auctioneer who conducted the liquidation sale. The auctioneer stated that the good will and trade name had been sold to Press Services along with the other assets. Frank Olle, who is an officer of APC, moved for leave to intervene, arguing that the Order Confirming Sale affected his rights in the good will and trade name. Olle's motion to intervene was granted. The Bankruptcy Court denied Press Services' motion, the Bankruptcy Court holding that Press Services had no standing because it was not a party to the original bankruptcy case.
 
 
 6
 In September 1985, the Trustee filed an Application for Instructions with the Bankruptcy Court. Relying on the affidavit of the auctioneer, the Trustee requested instructions as to the appropriateness of filing an Amended Report of Sale. Olle again moved to intervene, as did APC and James Cato, another APC officer. The Bankruptcy Court never ruled on Olle's motion, but apparently treated Olle as if the motion had been granted. APC and Cato's motions were granted because the good will and trade name were the subject of the suit filed in District Court and that they therefore had a protectable interest at stake.
 
 
 7
 After a hearing, the Bankruptcy Court instructed the Trustee to file an Amended Report of Sale. The Trustee filed an Amended Report of Sale which indicated that Press Services bought all of H & W 1's assets, including the good will and trade name. The Bankruptcy Court then entered an Amended Order Confirming Sale Nunc Pro Tunc to that effect. The Bankruptcy Court made no findings of fact and conclusions of law for the record.
 
 
 8
 Olle, Cato, and APC appealed to the District Court. With the consent of the parties, the District Court infringement case was consolidated with the bankruptcy case and the referral of the bankruptcy case to the Bankruptcy Court was withdrawn. The withdrawal did not, however, affect prior Bankruptcy Court actions, so the appeal from the Amended Order Confirming Sale Nunc Pro Tunc was reviewed by the District Court as an appellate court.
 
 
 9
 The District Court held that the Bankruptcy Court was without jurisdiction to enter the Amended Order. According to the District Court, the original Order Confirming Sale could only be corrected under Fed.R.Civ.P. 60. The District Court held that the mistake necessitating amendment was a substantive mistake, which Rule 60(b)(1) provides can only be corrected within one year of the mistake. Because the Amended Order was entered well over one year after the original Order, the District Court found that the Bankruptcy Court was without jurisdiction.
 
 
 10
 H & W 2 argued to the District Court and to this Court that either the mistake was a clerical error which is amendable at any time under Rule 60(a) or that the original order was void and thus amendable at any time under Rule 60(b)(4). Olle, Cato, and APC argued that the mistake was clearly a substantive mistake and is therefore governed by the one-year limit of Rule 60(b)(1). The parties also raise other arguments, including standing issues, the question of whether Olle, Cato, and APC should have filed a transcript of the hearing in the Bankruptcy Court, and the question of whether Olle, Cato, and APC should have obtained a stay of judgment before appealing to the District Court.
 
 
 11
 While the case is complicated factually, the problem on this appeal is quite evident. All of the parties' arguments are premised on each party's conception of what was done by the Bankruptcy Court and why. However, the only evidence in the record of the Bankruptcy Court's actions is the cryptic Amended Order itself. The Bankruptcy Court made no finding as to why it was amending the order.
 
 
 12
 The District Court should not have decided that the Bankruptcy Court was without jurisdiction when no findings of jurisdictional facts were even made by the District Court. The District Court should have remanded the case to the Bankruptcy Court with instructions to make detailed findings of fact and conclusions of law supporting its decision to enter the Amended Order. Once the Bankruptcy Court has set forth the reasons for its decision, the District Court will be able to properly function as a reviewing court. See Martin v. Stokes, 623 F.2d 469 (6th Cir.1980) (when lower court did not make clear the reasons for its decision, court of appeals remanded for findings).
 
 
 13
 Accordingly, it is so ordered.