956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Lee SAMMONS, Plaintiff-Appellee,
v.
Leroy PHILLIPS, Jr.; Leonard Mike Caputo, Defendants-Appellees.
 No. 91-6142.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1992.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Lee Sammons, a federal prisoner, appeals pro se and in forma pauperis from the district court's order dismissing his civil action as barred by the statute of limitations. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sammons brought the instant civil action under a theory of legal malpractice, invoking the jurisdiction of the district court pursuant to 28 U.S.C. §§ 1331 and 1332. The defendants, two attorneys in Chattanooga, Tennessee, were appointed as standby counsel for Sammons, as he insisted on representing himself during his criminal trial for various drug related charges. According to Sammons, the defendants "were grossly negligent and/or wilfully [sic] indifferent to their responsibilities to the plaintiff Michael Sammons in the criminal proceedings pending against him, effectively abandoning the defendant [Sammons] during the most crucial stage of those proceedings to the plaintiffs' [sic] extreme detriment. But for such conduct, the plaintiff Michael Sammons would have received no more than 10 years imprisonment, with parole release after 30 months, rather than 22 years imprisonment, with parole release after 88 months, actually received." Sammons sought monetary relief.
 
 
 3
 The procedural history of the case is lengthy. The original complaint and an application to proceed in forma pauperis were tendered for filing on July 18, 1989, by Sammons and his wife to the United States District Court for the Northern District of Florida just before the statute of limitations ran. At the time the documents were tendered, Sammons was housed in the Federal Correctional Institution in Marianna, Florida. After receiving the documents on July 18, 1989, the deputy clerk returned the documents to Sammons with a letter noting various deficiencies. Sammons then filed an amended complaint on January 4, 1990. The amended complaint eliminated Sammon's wife as a plaintiff, and alleged that diversity was appropriate because Sammons was a domiciliary of Texas prior to incarceration. The complaint further alleged that the defendants were domiciliaries of Tennessee.
 
 
 4
 The case was eventually transferred to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1406(a). The court ordered defendants to address the issue of the statute of limitations.
 
 
 5
 After review the district court dismissed the action as time-barred. The court found that the first document to be filed which made allegations against the defendants was filed on January 4, 1990. The court further noted that Sammons admitted that he "discharged" the defendants on November 7, 1988. From these facts, the court concluded that Sammon's cause of action accrued no later than November 7, 1988, and that the January 4, 1990, complaint was filed beyond the one year limitation period prescribed by Tenn.Code Ann. § 28-3-104. Alternatively, the court held that even if the documents filed July 18, 1989, were accepted as valid, dismissal was still proper because diversity jurisdiction failed to exist. We agree.
 
 
 6
 The district court held Tenn.Code Ann. § 28-3-104, which states that actions taken against attorneys "shall be commenced within one (1) year after the cause of action accrued ...," applied to the instant case. Because the transfer was a 28 U.S.C. § 1406(a) transfer rather than a transfer pursuant to 28 U.S.C. § 1404(a), it was proper to apply the law of the State of Tennessee. See Martin v. Stokes, 623 F.2d 469, 471 (6th Cir.1980).
 
 
 7
 The district court held and we agree that there was no timely filing in the Middle District of Florida. The complaint was tendered for filing and was defective. No corrective measures were taken to toll the statute of limitation, thus the tendered amended complaint was time barred.
 
 
 8
 The judgment of the district court if affirmed.