**INTERNATIONAL PIZZA COMPANY, et al., Plaintiffs,**

v.

**C & F PACKING COMPANY, Defendant.**

No. C–3–93–273.

United States District Court,
S.D. Ohio,
Western Division.

March 16, 1994.

Mark Philip Levy, Thompson, Hine & Flory, Dayton, OH, for International Pizza Co., A M Gilardi & Sons Inc.

Arthur Arould Ames, Dayton, OH, Raymond P. Niro, William L. Niro, Niro, Scavone, Haller & Niro, Chicago, IL, for C & F Packing Inc.

DECISION AND ENTRY FINDING THAT THIS COURT LACKS *IN PERSONAM* JURISDICTION OVER THE DEFENDANT, YET OVERRULING DEFENDANT'S MOTION FOR DISMISS FOR LACK OF *IN PERSONAM* JURISDICTION (DOC. # 3); DECISION AND ENTRY SUSTAINING DEFENDANT'S ALTERNATIVE MOTION, THUS TRANSFERRING CAPTIONED CAUSE TO NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION (DOC. # 3), PURSUANT TO 28 U.S.C. § 1406(a); TERMINATION ENTRY

RICE, District Judge.

The Motion of the Defendant, seeking an Order of the Court dismissing the captioned cause for lack of this Court's *in personam* jurisdiction over the Defendant (Doc. # 3), is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety. Ruling further, having found that this Court lacks *in personam* jurisdiction over the Defendant, the Court sustains the Defendant's alternative motion, thus transferring the captioned cause, pursuant to 28 U.S.C. § 1406(a), to the Northern District of Illinois, Eastern Division (Doc. # 3).

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

■ 1. The Court's decision on a motion attacking the Court's *in personam* jurisdiction over a defendant may be determined on the submission of affidavits alone. If the Court rules on written submissions, without an evidentiary hearing, it "must consider the pleadings and affidavits in the light most favorable to 'plaintiffs, as the party against whom the motion is directed.'" *Welsh v. Gibbs,* 631 F.2d 436, 438 (6th Cir.1980).

Plaintiffs' burden is merely that of making a *prima facie* showing that personal jurisdiction exists. *Serras v. First Tennessee Bank National Association,* 875 F.2d 1212, 1214 (6th Cir.1989). In order to determine whether the exercise of *in personam* jurisdiction would be proper, the Court must first examine the law of the forum, set forth in this case by Ohio Revised Code Section 2307.382(A). Since the Sixth Circuit has held that the aforesaid statute extends Ohio long-arm jurisdiction to the full limits of the Due Process Clause, *In–Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir.1972), the Court must determine, should the requirements of the long-arm statute be met, whether the exercise of personal jurisdiction over this Defendant comports with constitutional requirements.

■ 2. A review of the affidavits submitted both in support of and in opposition to the aforesaid motion, clearly sets forth that the Defendant has transacted business and/or has contracted to supply services or goods in the state of Ohio. Whether the goods in question, aggregating almost $3 million over the past three years, were actually delivered to the Plaintiffs' facilities in Ohio or, rather, were simply deposited "F.O.B.", the Defendant's facilities within the state of Illinois, following sale to the Plaintiffs, it is clear that the Defendant has transacted business within the state of Ohio or, at the very least, contracted to supply goods within this state. Ohio Revised Code Section 2307.382(A)(1) and (2).

■ 3. Compliance with Ohio's long-arm statute, however, does not end the inquiry; determination must be made as to whether the exercise of personal jurisdiction over the Defendant herein would comport with the constitutional requirements set forth by the Sixth Circuit in *Southern Machine Company v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968). While it is clear that the Defendant purposely availed itself of the

privilege of acting or causing a consequence in Ohio, by process of either doing business in Ohio or contracting to supply goods in this state, it is less clear that Plaintiffs' declaratory judgment claims against the Defendant arose from the Defendant's activities within this state. A review of the affidavits in question clearly reveals that the Plaintiffs' declaratory judgment claims against the Defendant arose, not from the Defendant's having previously transacted business or contracted to supply goods in Ohio, but rather from the fact that, once the Defendant's sales to the Plaintiffs, within Ohio, began to drop precipitously in 1993, the Defendant began insisting upon its contractual right to inspect the Plaintiffs' facilities, raising the inference that a failure to allow access by the Defendant would raise the unmistakable inference that infringing activity was taking place therein. Since Plaintiffs' claims in this declaratory judgment action did not arise from the Defendant's transacting business or contracting to supply goods within Ohio, it is clear that, while personal jurisdiction might be satisfied under Ohio's long-arm statute, the exercise of personal jurisdiction over the Defendant, in this action, would not pass constitutional muster.

■ 4. While the Plaintiffs indicate that the Defendant's threat of litigation is a sufficient basis for personal jurisdiction over the Defendant, in this anticipatory declaratory judgment action, the Court finds that the Plaintiffs' basic premise has not been met. Simply stated, a review of the letters exchanged by and between counsel (see Exhibit E, attachments 1 through 6, attached to Defendant's Memorandum in Support of its Motion to Dismiss for lack of personal jurisdiction, etc. (Doc. # 3)), reveals that same contain no threat of litigation; rather, the correspondence sets forth the Defendant's desire to inspect the Plaintiffs' premises and the statement that failure to comply will raise the inference that infringing activity is being undertaken by the Plaintiffs. While one could, presumably, read between the lines and imply that a patent infringement action might well result, should the Plaintiffs not comply with the Defendant's request to inspect its premises, the letters, themselves, fall one or two steps short of conveying a threat of litigation. Accordingly, even if one would assume that an anticipatory declaratory judgment action would constitute an exception to traditional notions of *in personam* jurisdiction, it is clear that the factual premises undergirding such an anticipatory action are not present herein.

5. Accordingly, since this Court concludes that it does not possess *in personam* jurisdiction over this Defendant, a transfer of the captioned cause to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a), would not be proper, since transfer pursuant to that section may be had only if the transferor court had *in personam* jurisdiction over the Defendant. *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 329 (6th Cir. 1993); *Martin v. Stokes,* 623 F.2d 469, 474 (6th Cir.1980).

■ 6. The Court will transfer the captioned cause to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1406(a), a statute allowing said transfer if venue (and, presumably, jurisdiction) was lacking in the court in which the captioned cause was first filed. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Martin,* 623 F.2d at 475. Transfer of the captioned cause to the Northern District of Illinois, Eastern Division, will allow the instant action to serve the function of a counterclaim to a lawsuit now pending in that District, wherein the Defendant is party plaintiff, having sued the Plaintiffs herein (Defendants therein) on a charge of patent infringement. It is this Court's understanding that a motion to transfer the matter pending in the Northern District of Illinois to the instant forum has been stayed, pending resolution of the within motion to transfer.

WHEREFORE, based upon the aforesaid, this Court, having concluded that it lacks *in personam* jurisdiction over the person of the Defendant herein, declines to dismiss the captioned cause, pursuant to Fed.R.Civ.P. 12(b)(2), for lack of said *in personam* jurisdiction; rather, the captioned cause will be transferred, pursuant to 28 U.S.C. § 1406(a), to the Northern District of Illinois, Eastern Division, for consolidation with a pending

patent infringement case, involving the same parties, in that Court.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.