**Harold BROOME, as Executor of the Last Will and Testament of Raymond H. Broome, Deceased, Plaintiff,**

v.

**ANTLERS' HUNTING CLUB, Defendant.**

**Civ. No. 77–631.**

United States District Court,
M. D. Pennsylvania.

March 22, 1978.
As Corrected May 16, 1978.

**122**

Henry Valent, Valent, Callanan, Lucas & McDivitt, Watkins Glenn, N.Y., David R. Bahl, McCormick, Lynn, Reeder, Nichols & Sarno, Williamsport, Pa., for plaintiff.

Norman I. Klein, Fischer & Klein, New York City, John C. Youngman, Jr., Candor, Youngman, Gibson & Gault, Williamsport, Pa., for defendant.

## OPINION

MUIR, District Judge.

Raymond H. Broome died on January 17, 1976 while riding his snowmobile when he hit a piece of cable strung across property owned by the Antlers' Hunting Club in Brown Township, Lycoming County, Pennsylvania. On January 18, 1977, Harold Broome, the decedent's executor, filed the above-captioned action in the United States District Court for the Western District of New York alleging diversity jurisdiction. 28 U.S.C. § 1332. The Defendant, Antlers' Hunting Club, moved for dismissal upon the grounds that there was no personal jurisdiction of the Defendant and that there was improper venue in the Western District of New York. United States District Judge Burke directed that the case be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).[1]

This case is listed for trial on the March, 1978 trial list and is the tenth case to be tried after the case presently being tried. On March 8, 1978, the Defendant submitted to the Court a motion to amend its answer and a motion to dismiss the complaint of the Plaintiff if that motion be granted accompanied by a brief in support of both motions. On March 16, 1978, Harold Broome filed a brief in opposition to the motion to amend the answer and the motion to dismiss its complaint. The last date for the submission of a reply brief was March 20, 1978.

██ The Antlers' Hunting Club desires to amend its answer to plead the statute of limitations of the Commonwealth of Pennsylvania for a wrongful death action as a defense to Plaintiff's complaint. F.R.Civ.P. 8(c) requires that the defense of a statute of limitations be set forth in the answer. Rule 15(a) of the Federal Rules of Civil Procedure directs that a party may amend its pleadings by leave of court and that such leave should be freely given when justice requires. Absent prejudice to the opposing party, leave to amend should be granted. *Paton v. La Prade*, 524 F.2d 862 (3d Cir. 1975); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 569 (3d Cir. 1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); 3 Moore's Federal Practice ¶ 15.08[4] (1975). Broome, in his responsive brief does not indicate why he believes the Antlers' Hunting Club's motion to amend its answer should be denied. Instead, he contends that the Pennsylvania statute of limitations for a wrongful death action is not a defense to his complaint. The Court cannot discern any prejudice to Broome which will result by granting the motion to amend the answer. Broome's ability to respond to the defense of the statute of limitations has not been affected by the Antlers' Hunting Club's delay in raising it. Consequently, the Court will grant the Antlers' Hunting Club's motion to amend its answer to plead the statute of limitations of the Commonwealth of Pennsylvania for a wrongful death action as a defense to Broome's complaint.

██ The Antlers' Hunting Club contends that Broome's complaint must be dismissed because it was not filed within the one-year period set forth for wrongful death actions by the Commonwealth of

1. 28 U.S.C. § 1406(a) reads as follows:

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Pennsylvania. Act of April 26, 1855, P.L. 309, § 2, 12 P.S. § 1603. The Court construes Antlers' Hunting Club's motion to dismiss to be pursuant to F.R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted. Because the motion is accompanied by exhibits and an affidavit, the Court will treat it as a motion for summary judgment under F.R.Civ.P. 56. 2A Moore's Federal Practice ¶ 8.28 (1975). Broome maintains that because he originally brought his action in the State of New York, the two-year statute of limitations for wrongful death actions of the State of New York should apply. The Supreme Court of the United States has interpreted 28 U.S.C. § 1406(a) to require that the running of any statute of limitation is tolled when the complaint is filed even if no personal jurisdiction exists in the district where it is filed. *Goldlwar, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Section 1406(a) authorizes the transfer of cases however wrong the plaintiff may have been in filing his case as to venue whether the court in which it was filed had personal jurisdiction over the defendant or not. *Goldlwar, Inc. v. Heiman, supra.* The Supreme Court concluded that the filing of a lawsuit shows a desire on the part of the plaintiff to begin his case and thereby tolls whatever statute of limitations would otherwise apply. *Id.* at 467. Tolling the statute of limitations on the day that the complaint was filed in the New York District Court does not aid Broome because on the day that he filed the complaint the one-year statute of limitations for wrongful death of the Commonwealth of Pennsylvania had already expired. The complaint was filed one day after the one year period. Although 28 U.S.C. § 1406 has been interpreted by the Supreme Court and the lower federal courts to require that a statute of limitations be tolled by the filing of a complaint in an improper district, this Court has not been able to find any reported cases and none has been cited by Broome setting forth the situation where a plaintiff had filed a complaint which was already barred by the applicable statute of limitations on the day of filing.

■ Broome's contention that the two-year statute of limitations of the State of New York should be applied lacks merit. According to Broome, *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) supports his position. In that case, the Supreme Court held that where a case is transferred pursuant to 28 U.S.C. § 1404(a), the transferee District Court is obliged to apply the state law that would have been applied if there had been no change of venue. A change of venue according to the Court should be with respect to state law nothing other than a change of courtrooms. *Id.* at 639, 84 S.Ct. 805. The Supreme Court specifically indicated that the rule for transfer pursuant to 28 U.S.C. § 1406(a) was different than that for 28 U.S.C. § 1404. The Court stated that although both sections were designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast § 1404(a) operates on the premise that the plaintiff is properly exercising his venue privilege. The Court stated that this distinction underlies the fact that Congress in passing § 1404(a) was primarily concerned with the problem arising where despite the propriety of the plaintiff's venue selection the chosen forum was an inconvenient one. If the rule set forth in *Van Dusen* applies to 28 U.S.C. § 1406(a) transfers as Broome contends, plaintiffs will be encouraged to file complaints in a state which has a longer statute of limitations and more favorable legal doctrine than the state which has personal jurisdiction and where venue properly exists. The reason that the federal court to which the case is sent must apply the law of the state where the plaintiff filed the complaint when a case is transferred pursuant to 28 U.S.C. § 1404(a) is that a party should not be penalized when he files a complaint in a state where venue and jurisdiction appropriately lie and where transfer occurs simply because of convenience to the parties. But in the above captioned case transfer was ordered because the Court lacked personal jurisdiction of the Defendant and ven-

ue did not exist in that district. To permit the law of the transferor state to apply just because the plaintiff filed a complaint there would allow plaintiffs in diversity cases to shop for the forum with the most favorable legal doctrines. The policy of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) would be undermined. What *Erie* sought was an identity or uniformity between federal and state courts concerning state law claims. If Broome had filed his complaint in a New York state court it would have been dismissed because of lack of personal jurisdiction. Broome should not be entitled to have New York law applied to his claim unless the choice of law rules of Pennsylvania so dictate. Applying Broome's approach would result in the following situation. The plaintiff could sit on his cause of action until the longest statute of limitations of the fifty states was about to expire. Then he could file a complaint in that state. When the defendant contended that there was no personal jurisdiction and improper venue, the plaintiff could request a change of venue pursuant to 28 U.S.C. § 1406(a). If the defendant raised a statute of limitations defense of the state to which the action was transferred, the plaintiff would be able to respond that the statute of limitations of the state in which he had filed the complaint should apply. This result was not intended by Congress or by the Supreme Court.

█ Consequently, the Court must determine whether the statute of limitations of New York or of Pennsylvania applies to Broome's claim. In diversity cases, the United States District Courts must apply the choice of laws rules of the state in which they sit. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania courts have held that where a claim is asserted pursuant to the law of another state application of the appropriate Pennsylvania statute of limitations rather than the statute of limitations of the other state is required. This is the approach adopted by the Restatement 2d, Conflict of Laws, § 142(1) (1971). *Schenk v. Piper Aircraft Corporation*, 377 F.Supp. 477 (W.D.Pa.1974); *Ro-*

*senzweig v. Heller*, 302 Pa. 279, 153 A. 346 (1931); *Foley v. Pittsburgh-Des Moines Co.*, 363 Pa. 1, 68 A.2d 517 (1949). The adoption by the Supreme Court of Pennsylvania in *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964) of interest analysis to choice of laws problems which force the court of the forum state to analyze the significant contacts between the suit and the states having such contacts in order to determine the state having the most significant contacts does not affect the issue of which statute of limitations controls. The *Griffith* case related only to substantive law. In *Mack Trucks, Inc. v. Bendix-Westinghouse Auto. A. B. Co.*, 372 F.2d 18 (3d Cir. 1966) the United States Court of Appeals for the Third Circuit held that the Pennsylvania Supreme Court had announced in *Griffith* a common law choice of laws rule to be applied in deciding the merits of certain issues, but that rule did not affect the method of determining the applicable statute of limitations. *Accord, Brown v. Cosby*, 433 F.Supp. 1331, 1336 (E.D.Pa. 1977). Thus, the Pennsylvania statute of limitations applies to Broome's complaint. Because he filed his complaint on January 18, 1977 after the one-year statute of limitations had run, his claim is barred. This ruling only applies to Broome's wrongful death action. If the law of New York permits a survival action, in the name of the decedent or if the survival action statute of Pennsylvania applies, then of course the wrongful death statute of limitations may not bar that claim. The Court at this time expresses no opinion as to whether a survival action is permitted by New York law or as to whether New York or Pennsylvania law would be applied to a survival action. The Court will grant the Antlers' Hunting Club's motion for summary judgment insofar as the complaint sets forth a wrongful death claim. The Court will permit Broome to submit an amended complaint stating a survival action.

An appropriate order will be entered.