**Alma M. WEBER, Plaintiff,**

v.

**McDONALD'S SYSTEM OF EUROPE, INC., a Delaware corporation, and/or a/k/a McDonald's System of Germany, Inc., a Delaware corporation, Defendants.**

**Civ. A. No. 84–442–WKS.**

United States District Court, D. Delaware.

May 15, 1985.

---

Maxine L. LaPlace, Newark, Del., David M. Goldstein and Ira F. Markowitz, North Miami, Fla., for plaintiff.

Wayne N. Elliott and Michael P. Kelly, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for defendants.

STAPLETON, Circuit Judge: [1]

This is a personal injury action brought by plaintiff Alma M. Weber against defendants McDonald's System of Europe, Inc. and McDonald's System of Germany, Inc. Plaintiff is a citizen of the State of Florida. Defendants are both incorporated under the laws of the State of Delaware.

The underlying accident on which this lawsuit is based occurred on June 30, 1980 in Stuttgart, Germany. At that time and place, plaintiff fell at a McDonald's Restaurant. Plaintiff alleges that she sustained physical injury as a direct and proximate result of the defendants' negligent construction of its premises.

Plaintiff originally filed her complaint against McDonald's System of Europe in the United States District Court for the Southern District of Florida on June 13, 1983. Plaintiff later amended her complaint to assert diversity of citizenship jurisdiction and to add McDonald's System of Germany, Inc. as a defendant.

On August 7, 1984, the United States District Court in Florida transferred plaintiff's case to this Court under 28 U.S.C. § 1406(a).[2] The Court based its decision to

---

1. Honorable Walter K. Stapleton, United States Circuit Judge for the Third Circuit, sitting by designation.

2. 28 U.S.C. § 1406(a) provides:
    The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

transfer on lack of personal jurisdiction. The Court also found that venue was proper in the Southern District of Florida.

In their answer to the complaint, defendants assert the Delaware statute of limitations as an affirmative defense. Presently before the Court is defendants' motion for summary judgment based on that defense.

Defendants argue that since the United States District Court for the Southern District of Florida transferred the case to this Court pursuant to § 1406(a), the law of the state of the transferee forum, that is, Delaware, should govern this action. Accordingly, defendants argue that, by virtue of 10 Del.C. § 8119 and 10 Del.C. § 8121, the two year Delaware statute of limitations applies to the present case, and that the plaintiff's complaint is time-barred since it was filed almost three years after the accident occurred.[3]

The plaintiff argues on the other hand that though the United States District Court in Florida cited § 1406(a) in transferring the case, the Court quoted the language of 28 U.S.C. § 1404(a) in ordering the transfer.[4] Specifically, the Court stated that the order to transfer would be granted in the "interest of justice"—language that is undeniably found in § 1404(a). Accordingly, plaintiff argues that the District Court sitting in Florida intended to transfer the present case pursuant to § 1404(a), and that, as a matter of law, the law of the transferor forum, Florida, governs the present action.[5]

Plaintiff is clearly incorrect in her contention that the District Court in Florida intended to transfer this case pursuant to § 1404(a) rather than § 1406(a). First, as previously noted, the Florida District Court expressly transferred the case invoking 28 U.S.C. § 1406(a). Second, the statutory language quoted by the Court in ordering the transfer, which defendants point out is language provided by § 1404(a), is also con-

tained in § 1406(a). There is therefore no inconsistency in the Court's use of the phrase "in the interest of justice" in conjunction with its reference to § 1406(a). Finally, it is also clear from the Court's opinion granting the transfer that § 1406(a) was the basis for that order. The Court concluded that venue was proper in Florida but that personal jurisdiction was lacking under the Florida longarm statutes. The Court was thus faced with the question whether a transfer could be ordered under § 1406(a) when venue was proper in the transferor court, but lack of personal jurisdiction prevented the court from entertaining the case. The court found authority for the present transfer in *Dubin v. United States*, 380 F.2d 813 (5th Cir.1967). In that case, the Fifth Circuit read § 1406(a) as permitting a transfer even where venue was properly laid if some other procedural barrier, such as lack of personal jurisdiction, prevented an "expeditious and orderly adjudication" on the merits. *Id.* at 815.

Now, the question to be decided is whether the Delaware or the Florida statute of limitations is to govern the present case. As previously discussed, Weber has argued that this question turns on whether the transfer was ordered under § 1404(a) or § 1406(a), and I have found that the transfer was issued under § 1406(a). But as the following discussion will make clear, it does not matter in this case which section was relied upon in ordering the transfer. Either way, the Delaware statute of limitations would govern.

In diversity cases, the district court ordinarily applies the substantive law of the forum state, including its choice of law rules. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). That inquiry is complicated where, as here,

---

**3.** Plaintiff does not dispute that the earliest filing of any lawsuit concerning her claim occurred on June 13, 1983.

**4.** 28 U.S.C. § 1404(a) provides:
    For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district of division where it might have been brought.

**5.** Plaintiff contends that the Florida and German statutes of limitation are both four years. Plaintiff's Answering Brief at 4.

the case has been transferred from a district court in one state to a district court in another state. This Court, the transferee court, must first decide whether the transferor or the transferee state's choice of law rules should be applied in determining which state's statute of limitations should govern the present action. That decision is predicated upon the nature of the transfer in question. *E.g., Martin v. Stokes,* 623 F.2d 469, 470 (6th Cir.1980).

In making this inquiry, courts distinguish between a transfer under 28 U.S.C. § 1404(a) for the convenience of one of the parties, and cases transferred under either § 1404(a) or § 1406(a) to cure a procedural obstacle in the transferor forum, such as improper venue or lack of personal jurisdiction.

In *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court decided that where a defendant obtains a "convenience" transfer under § 1404(a) "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *Id.* at 639, 84 S.Ct. at 821.[6] The Court's decision was predicated upon two concerns. First, allowing a transfer to be accompanied by a change of law would provide defendants with an incentive to forum shop. *Id.* at 636, 84 S.Ct. at 819. In addition, the principles of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188

(1938) would be violated if a change of venue, and with it a change in state law, might lead to a disposition in federal court that would not have been achieved in the courts of the state where the action was initially filed. *Id.* 376 U.S. at 638, 84 S.Ct. at 820. Accordingly, the Court concluded that "[a] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Id.* at 639, 84 S.Ct. at 821 (footnote omitted).

■ A quite different result is dictated when a court transfers a case under § 1404(a) or § 1406(a) to cure lack of personal jurisdiction, or under § 1406(a) to remedy improper venue.[7] In such cases, where an action is filed in a forum where the action cannot be maintained, rather than in one where it is merely inconvenient, the law of the transferee forum is to apply. *E.g., Gonzalez v. Volvo of America Corp.,* 734 F.2d 1221, 1223 (7th Cir.1984); *Nelson v. International Paint Co.,* 716 F.2d 640, 643 (9th Cir.1983); *Roofing & Sheet Metal Services, Inc. v. LaQuinta Motor Inns,* 689 F.2d 982, 991–92 (11th Cir.1982); *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1110–11 (5th Cir.1981); *Martin v. Stokes,* 623 F.2d at 472; *Broome v. Antlers' Hunting Club,* 448 F.Supp. 121, 123–24 (M.D.Pa.1978), *aff'd without opinion,* 639 F.2d 771 (3d Cir.1980); 1 *Moore's Federal Practice* ¶ 0.145[4.–5] at 1608–1609 (2d ed. 1980).[8]

6. *Van Dusen* did not decide whether the state law to be applied following a transfer depended upon which party sought the transfer. Lower courts addressing this issue have determined that the party moving for the transfer should not be a relevant factor in determining which law applied. *E.g., Gonzalez v. Volvo of America Corp.,* 734 F.2d 1221, 1223 (7th Cir.1984); *Martin v. Stokes,* 623 F.2d at 472; *contra,* 15 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3846 at 233–34 (1976).

7. In *Goldlawr v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Supreme Court held that a district court in which venue was improper could transfer an action under § 1406(a) even though it lacked personal jurisdiction over the defendant. But what of transfers, such as the one at issue, where venue is *proper* but personal jurisdiction is lacking? The various circuit courts differ on which of the two transfer provisions is to be utilized in this situa-

tion. The Sixth Circuit has determined that § 1406(a) should be broadly read to govern transfers when venue is proper and personal jurisdiction is lacking, and that § 1404(a) is inapplicable. *Martin v. Stokes,* 623 F.2d at 474. The Fifth Circuit allows transfers under either provision in circumstances like those presented here. *Ellis v. Great Southwestern Corp.,* 646 F.2d at 1105–1106, 1109. Notably, the Third Circuit has found § 1404(a), and not § 1406(a), to be the proper basis of transfer where venue is proper but personal jurisdiction is lacking. *United States v. Berkowitz,* 328 F.2d 358, 360 (3d Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964).

8. The Third Circuit has come very close to adopting this rule. In *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 165 (3d Cir.1980), *rev'd on other grounds,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the court held that "when there has been an interstate transfer without

**14**

A transfer necessitated by lack of personal jurisdiction is based not upon the inconvenience of the original forum, but upon the impropriety of that forum. *Martin v. Stokes*, 623 F.2d at 472. If the state law of the original forum is applied following a transfer based upon lack of personal jurisdiction, a plaintiff would gain by proceeding first in an improper forum. *See id.* A plaintiff would be encouraged to file wherever the laws were most favorable, even though personal jurisdiction is lacking, with the intent of carrying those laws on transfer to a forum where personal jurisdiction could be asserted. *Id.* The Supreme Court condemned such forum-shopping in *Van Dusen. Id.* Simply put, a plaintiff whose suit has been transferred cannot lay claim to the laws of a state where his complaint would have been dismissed for lack of personal jurisdiction. *Broome v. Antlers' Hunting Club*, 448 F.Supp. at 124.

Because Weber's cause of action was transferred for lack of personal jurisdiction, the laws of the state of the transferee forum must govern this action. Whether the Delaware or the Florida statute of limitations applies is, therefore, determined by the Delaware borrowing statute, which defines when a foreign statute of limitations will govern an action brought in a Delaware Court. 10 Del.C. § 8121. Section 8121 provides in pertinent part:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action.

Under § 8121, the maximum limitations period allowable to plaintiff is two years,

which is the Delaware limitation period for the recovery of damages upon a claim for alleged personal injuries as prescribed in 10 Del.C. § 8119.

The plaintiff alleges that she suffered injuries when she slipped and fell at a McDonald's Restaurant in Stuttgart, Germany, on or about June 30, 1980. The plaintiff did not, however, file her action with the District Court for the Southern District of Florida until June 13, 1983, almost three years later. Weber has thus failed to file her action in a timely manner under 10 Del.C. § 8119.

For the foregoing reasons, the complaint will be dismissed.

---

personal jurisdiction, the transferor state's choice of law does not apply to the defendant." But in that case, the court had found that the transferor forum lacked personal jurisdiction over the defendant on constitutional, that is, due process grounds. The court reasoned that if the transferor state's exercise of jurisdiction over the defendant violated due process, then so would application of that state's choice of law

rules. *Id.* at 165. In the present case, the District Court for the Southern District of Florida did not reach the due process question. Instead, the Court found only that the Florida long arm statutes could not reach the defendants, noting that the Florida statutes "do not extend a court's jurisdiction to the full reach permissible under the Due Process Clause of the United States Constitution."