Paul Cottrell, Howard M. Berg, Howard M. Berg & Associates, P.A., Wilmington, for Amoroso.

Robert J. Katzenstein, Lassen, Smith, Katzenstein & Furlow, Wilmington, for Joy Mfg. Co.

William J. Cattie, Heckler & Cattie, Wilmington, for Sullivan Machinery Co.

**Re Anita AMOROSO, Individually and as Administratrix of the Estate of Vito C. Amoroso, III, and Vito C. Amoroso, IV, by his Next Friend, Anita Amoroso**

v.

**JOY MANUFACTURING COMPANY, Sullivan Machinery Company, Otto R. Medinilla, M.D., and The Medical Center of Delaware, Inc.**

Superior Court of Delaware.

Submitted: Jan. 29, 1987.
Decided: Aug. 31, 1987.

BABIARZ, Judge.

This is in response to a motion to dismiss and/or motion for summary judgment by defendants Joy Manufacturing Company (hereinafter "Joy") and Sullivan Machinery Company. The underlying action is a wrongful death action and a survival action. For the following reasons the defendant's motion is granted.

Vito C. Amoroso, III (hereinafter "decedent") was in June of 1984 employed by Elphinstone, Inc. of New Castle, Delaware. Elphinstone is engaged in the business of leasing out heavy equipment. The decedent's duties with Elphinstone included the delivery and retrieval of equipment leased by Elphinstone.

On June 5, 1984, Elphinstone dispatched the decedent in a pick-up truck to Newark, Delaware to retrieve an air compressor that Elphinstone had leased. The air compressor weighed a little over 2,000 pounds

and was mounted on a trailer. When the decedent arrived at the place where he was to pick up the compressor, he found it sitting at the top of a gradual incline. Rather than backing his truck up the incline to the compressor, the decedent parked his truck at the bottom of the incline and attempted to manually move the air compressor down to his truck. In the process of moving the compressor, however, the decedent lost control of the compressor and was seriously injured. The decedent subsequently died of the injuries.

The defendant Joy, of Baltimore, Maryland, manufactured the air compressor which caused the decedent's injuries. The air compressor was first sold by Joy in 1978 to Quarrymen's Supply Company (hereinafter "Quarrymen's"). Quarrymen's has a sales outlet in Baltimore, Maryland and a sales outlet in Norristown, Pennsylvania. There is a dispute as to whether Joy tendered delivery of the air compressor to Quarrymen's Baltimore outlet or Quarrymen's Norristown outlet. Nonetheless, on October 5, 1978, Quarrymen's sold the air compressor in a Maryland transaction to Elphinstone.

The plaintiffs have brought the present wrongful death and survival actions against Joy[1] under three theories. The plaintiffs contend that Joy is (1) liable for breach of the implied warranties of merchantability and fitness for a particular purpose, U.C.C. §§ 2–314 and 2–315, (2) strictly liable in tort, and (3) liable for its negligence in manufacturing the compressor.

The defendants Joy and Sullivan Machinery Company have moved to dismiss the breach of warranty claims and the strict liability claim. Because matters outside the pleadings have been considered on this motion, the Court shall treat the motion as one for partial summary judgment. Brown v. Colonial Chevrolet Co., Del.Super., 249 A.2d 439 (1968).

■ The defendants contend that the breach of warranty claims by the plaintiffs should be dismissed as time barred. There is, however, a dispute as to whether Delaware's, Maryland's or Pennsylvania's statute of limitations should be applied to that claim.

According to 10 Del.C. § 8121:

"Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the State ... where the cause of action arose, for bringing an action upon such cause of action ..."

The "time limited" by the law of Delaware for the purpose of § 8121 is ascertained by reference to the statute of limitations applicable to the plaintiff's claim and any principles governing the tolling of the statute of limitations. According to 6 Del.C. § 2–725:

"An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued."

Additionally, § 2–725 states:

"A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made ..."

There is no evidence in the record of the precise date on which Joy tendered delivery of the air compressor to Quarrymen's; however, Joy could not have tendered delivery any later than October 5, 1978 (the date on which Quarrymen's sold the air compressor to Elphinstone). Thus, in the absence of any occurrence tolling the statute of limitations, the statute would have run on any breach of warranty claim at the latest on October 5, 1982. This action, however, was not filed until May 30, 1986.

The plaintiffs contend, however, that their failure to timely file was attributable to a fraudulent concealment of their cause of action by the defendants and that the statute of limitations was, therefore, tolled. Under Delaware law, however, to show

---

**1.** The plaintiff's action is also against Sullivan Machinery Company, which purchased Joy's air compressor division in 1984.

fraudulent concealment, the plaintiff must establish that the defendant took some affirmative action to prevent the plaintiff from discovering his cause of action. *Di-Biase v. A & D, Inc.*, Del.Super., 351 A.2d 865 (1976); and *Nardo v. Guido DeAscanis & Sons, Inc.*, Del.Super., 254 A.2d 254 (1969). In the present case, the plaintiff alleges no such affirmative action. The plaintiff merely contends that the defendant remained silent about the danger involved in moving the air compressor by oneself. There was, therefore, no tolling of the statute of limitations under Delaware law.

Having determined that the time limited by Delaware law for the purpose of 10 *Del.C* § 8121 is four years from the date of sale, the Court need not consider the time limited by the State where the cause of action arose—either Maryland or Pennsylvania. Plaintiff's claims based on breach of warranty are dismissed.

■ In *Cline v. Prowler Industries of Md., Inc.*, Del.Supr., 418 A.2d 968 (1980), the doctrine of strict liability in tort was rejected by the Delaware Supreme Court on grounds that it was inconsistent with the § 2–318 of the Delaware version of the Uniform Commercial Code. Plaintiff argues that *Cline* is inapplicable since the sale in the instant case occurred in Pennsylvania or Maryland, both of which recognize the theory. Using the logic of *Cline*, plaintiff says that § 2–318 does not preempt strict liability in this case because § 2–318 of the Delaware U.C.C. does not govern the sales transaction for the price of machinery which caused plaintiff's injury.

However, to hold as plaintiff urges would virtually emasculate the effect of § 2–318 in achieving the purpose which the Delaware Supreme Court perceived it to have. The vast majority of goods in commerce and use in this State originate outside its borders. If § 2–318 were to apply only to goods manufactured and sold in this State its reach would be extremely limited. I cannot ascribe such a limited view to the legislature in enacting it.

In *Cline*, supra, the object causing injury was apparently manufactured and sold outside of Delaware. The Supreme Court, however, declined to rule on the choice of law issue as it had not been raised in the Court below. However, to have ruled in *Cline* as plaintiff urges here, the Court would have had to modify substantially the long-standing choice of law rule applicable to torts, namely, that the law of the place of the occurrence governs. *Friday v. Smoot*, Del.Supr., 211 A.2d 594 (1965); *Tew v. Sun Oil Co.*, Del.Super., 407 A.2d 240 (1979). I decline to find that the Supreme Court would have so held.

Defendants' motion for partial summary judgment is granted.

IT IS SO ORDERED.