**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MOUNTAIN WEST HELICOPTERS,
a Utah Limited Liability Company,

Plaintiff - Appellant,

v.

TEXTRON, INC., doing business as
Textron Lycoming Overseas Corp., a
Delaware corporation;
ALLIEDSIGNAL, INC., a Delaware
corporation,

Defendants - Appellees,

and

MCTURBINE, INC., a Texas
corporation; PUEBLO AIRMOTIVE,
INC., an Arizona corporation;
GARLICK HELICOPTERS, INC., a
Montana corporation; SCOTT
PAPER, a Delaware corporation,

Defendants.

No. 00-4151
(D. Ct. No. 97-CV-887-K)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA**, Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.

———————————————

Appellant, Mountain West Helicopters, appeals the district court's grant of summary judgment in favor of Appellee, Textron, Inc.[1]  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

On September 18, 1995, a military surplus UH-1L helicopter owned by Mountain West crashed near Grace, Idaho.  At the time, Mountain West was operating the helicopter in Idaho in its logging operations.  The helicopter's pilot, a Mountain West employee, was seriously injured in the crash.  The helicopter was equipped with a T53-L-13B engine originally manufactured for the United States Army by Avco Corporation, the predecessor of Textron.  The crash was caused by a loss of power in the engine that was in turn caused by the failure of the engine's centrifugal impeller.

Mountain West had purchased the helicopter, with the engine and centrifugal impeller already installed as components, from Scott Paper Company[2]

———————————————

[1] Appellee is variously referred to in this case as Textron, Inc. and AlliedSignal, Inc.  For purposes of this order and judgment, we refer to the appellee as Textron, Inc.

[2] Scott Paper Company was also a defendant in the lawsuit filed by Mountain West, however; this appeal deals exclusively with Mountain West's claims against Textron.

approximately nine months before the accident. In 1990, while Scott Paper owned the helicopter, a replacement centrifugal impeller, also manufactured by Textron, had been installed. The replacement impeller was the impeller that later failed and caused the 1995 crash. Mountain West purchased the helicopter "as is" from Scott Paper. The purchase agreement clearly stated that all express or implied warranties were excluded.

Mountain West filed this lawsuit in Utah state court to recover the following economic losses it allegedly suffered as a result of the crash: (1) the value of the helicopter; (2) increased worker's compensation premiums allegedly incurred because of the crash; (3) increased aviation hull and liability insurance premiums allegedly incurred because of the crash; (4) a year's worth of insurance premium payed for the crashed helicopter; (5) penalties paid to contractors when Mountain West was unable to perform its logging obligations because of the crash; and (6) lost profits on contracts Mountain West was unable to complete because of the crash. Mountain West's suit sounded in tort and advanced a theory of strict product liability. Defendant Scott Paper removed the case to the United States District Court for the District of Utah pursuant to federal diversity jurisdiction. Textron filed for summary judgment arguing that purely economic damages are not recoverable in a products liability lawsuit under Idaho law. The district court agreed and granted summary judgment against Mountain West on

all of its claims against Textron.  This appeal followed.

II.

We review a "grant of summary judgment de novo applying the same standards used by the district court."  Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir. 1998).  Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The question now on appeal is whether Mountain West can recover in tort for purely economic damages.  The parties have stipulated that Idaho law applies to this dispute.  Therefore, the limited question before us is whether, under Idaho law, Mountain West can recover in tort for purely economic damages.  For substantially the same reasons given by the district court, we agree that Idaho law does not permit Mountain West to recover its alleged damages in tort.

Accordingly, the district court's grant of Appellee's motion for summary judgment is AFFIRMED.  Mountain West has additionally moved to have the question certified to the Idaho Supreme Court.  Further, Textron has moved to strike references made by Mountain West to any settlement between Textron and the helicopter's pilot.  The motion to certify is DENIED and the motion to strike

is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge