# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | ) | |
| | ) | |
| FRANK G. SCHULTZ and DELORIS SCHULTZ, his wife, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N13C-04-015 ASB |
| | ) | |
| AMERICAN BILTRITE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: July 9, 2015
Decided: September 1, 2015

### MEMORANDUM OPINION

*Upon Defendants' Motion for Summary Judgment*,
**GRANTED.**

A. Dale Bowers, Esquire, Kenneth L. Wan, Esquire, Irina N. Luzhatsky, Esquire, Law Office of A. Dale Bowers, P.A., Newport, Delaware, Christopher A. Romanelli, Esquire (*pro hac vice*) (*argued*), Of Counsel, Weitz & Luxemberg, P.C., New York, New York, Attorneys for Plaintiffs.

Loreto P. Rufo, Esquire, Rufo Associates, P.A., Hockessin, Delaware, Donald E. Reid (*argued*), Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware, Attorneys for Defendants.

**WALLACE, J.**

## I.    INTRODUCTION

Plaintiff Frank Schultz brings this asbestos action against numerous defendants alleging wrongful exposure to the several Defendants' asbestos-containing products.[1] His claims arise out of activity in Michigan. Mr. Schultz was diagnosed with lung cancer in June, 2010. He and his wife, Deloris, filed this action in Delaware in April, 2013. All Defendants now move for summary judgment, asserting that Delaware's statute of limitations, as applied through 10 *Del. C.* § 8121 (Delaware's "Borrowing Statute"), bars the Schultzes' claims. Following a hearing in July, 2015, the Court reserved its decision on Defendants' motions for summary judgment. Having reviewed the parties' submissions, their representations at oral argument, and the record in this case, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment for the reasons explained below.

## I.    FACTUAL AND PROCEDURAL HISTORY

Mr. Schultz was diagnosed with what he alleges is asbestos-related lung cancer. He attributes his disease to his work in Michigan with asbestos-containing construction products. During his deposition, he testified that he was diagnosed with lung cancer in June, 2010, at a yearly physical.[2] The Schultzes instituted this

---

[1]    *See generally* Compl. (listing all Defendant entities and alleged asbestos exposures).

[2]    Deposition of Frank G. Schultz, June 25, 2013 (Ex. D to Defs.' Mot. Summ. J.) at 205-06.

lawsuit in April, 2013, against various defendants alleging wrongful exposure to asbestos. The parties dispute neither the June, 2010, diagnosis date nor that that is when the statute of limitations began to run on the Schultzes' claims.[3] And the parties have stipulated, with the Court's approval, that Delaware law governs the procedural issues, while Michigan law governs the substantive issues in this case.[4]

## II. STANDARD OF REVIEW

Delaware Superior Court Rule 56 allows for the grant of summary judgment upon a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] to clarify the application of the law to the circumstances."[6] In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[7] When a motion for summary judgment is based on a statute of limitations defense, the Court will grant the motion if upon the record no genuine issues of fact exist as to "the date on which the applicable statute of limitations began to run, the date to

---

[3]     *See, e.g.,* Pl.'s Resp. Br. 1.

[4]     Stipulation & Order Regarding Applicable Law, Apr. 16, 2015 (D.I. 113).

[5]     Super. Ct. Civ. R. 56(c).

[6]     *Ebersole v. Lowengrub*, 180 A.2d 467, 469 (Del. 1962).

[7]     *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super Ct. 1986).

which the statute of limitations may have been tolled, and the date on which the plaintiff filed [his or] her complaint with the court."[8]

## III. DISCUSSION

The parties do not dispute that the statute of limitations began to run in June, 2010 – Mr. Schultz's diagnosis date. They agree that there is no tolling mechanism applicable here. And no one disputes that the complaint was filed in April of 2013. The parties disagree, however, as to which state's statute of limitations applies – Delaware's or Michigan's.

In turn, the sole issue for the Court to decide is: does the Delaware Borrowing Statute apply to bar the Schultzes' claims? Section 8121 of Title 10 of the Delaware Code provides, in pertinent part:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state . . . where the cause of action arose, for bringing an action upon such cause of action. . . .[9]

The clear and unambiguous terms of the statute dictate that if a cause of action arises outside of Delaware, the Court must compare "the time limited by the

---

[8] *Burrell v. Astrazeneca LP*, 2010 WL 3706584, at *2 (Del. Super. Ct. Sept. 20, 2010).

[9] DEL. CODE ANN. tit. 10, § 8121 (2015).

-4-

law of this State" with "the time limited by the law of the state . . . where the cause of action arose" and apply "*whichever is shorter*."[10]

The applicable Delaware statute of limitations for personal injury actions is two years from the date of injury.[11] Michigan has a three-year statute of limitations for personal injuries in product liability actions.[12] Defendants contend the Court must apply the two-year Delaware statute of limitations because the cause of action arose in Michigan and Delaware provides the shorter of the two limitations periods. They argue that because the Schultzes filed their Complaint more than two years after the statute began to run on their asbestos exposure claims, it is now time-barred under 10 *Del. C.* § 8119.

The Schultzes, for their part, contend an application of the Borrowing Statute on the facts of this case would subvert its underlying purpose. That statute's sole purpose, in their view, is to address forum shopping by preventing Delaware courts from adjudicating stale claims from elsewhere. Because their

---

[10]     *Id.* (emphasis added).

[11]     DEL. CODE ANN. tit 10, § 8119 (2015) ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained. . . .").

[12]     MICH. COMP. LAWS ANN. § 600.5805 (2015) ("The period of limitations is 3 years for a products liability action."); *Larson v. Johns-Manville Sales Corp.*, 399 N.W.2d 1, 9 (Mich. 1986) (plaintiffs alleging asbestosis "may bring a suit within three years of the time they discover or should have discovered their disease").

filing was not borne of "forum shopping," the Schultzes argue, the Court should not apply the Borrowing Statute to "shorten" their limitations period.

*Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co., Inc.*,[13] applies here, the Schultzes posit. In *Saudi Basic* our Supreme Court affirmed this Court's refusal to apply the Delaware Borrowing Statute to bar a defendant's counterclaims, even though the counterclaims arose in a jurisdiction outside of Delaware and that jurisdiction's statute of limitations was longer than Delaware's.[14] The Court reasoned that "[t]he infirmity in [plaintiff's] argument is that its literal construction of the borrowing statute, if adopted, would subvert the statute's underlying purpose."[15]

Delaware courts have subsequently held that *Saudi Basic*'s situation-specific holding is not as broad as the Schultzes suggest. This Court, for instance, has held that *Saudi Basic* "did not create a broad rule banning the use of the borrowing statute in all situations except for the 'typical' scenario."[16] Other courts have

---

[13]     866 A.2d 1 (Del. 2005).

[14]     *Id.* at *17-18.

[15]     *Id.* at *16. The trial court found that the *Saudi Basic* plaintiffs had chosen Delaware in order to prevent the defendants from asserting timely counterclaims. *Id.* at *15 (citing to trial court transcript). It found this was "somewhat of a twist . . . on the normal set of facts. . . [but that Delaware's] legislature intended to prevent people out of state, foreign plaintiffs, from coming into this forum and getting the benefit of a statute of limitations that really ought not to apply given the fact that the substantive law is interwoven with the procedural right." *Id.*

[16]     *Huffington v. T.C. Grp., LLC*, 2012 WL 1415930, at *9 (Del. Super. Ct. Apr. 18, 2012). The "typical" scenario is one where a plaintiff with a stale claim arising outside of Delaware

-6-

agreed that *Saudi Basic*'s narrow holding applies only where a literal application of the statute would actually reward a forum-shopping party – a nonsensical result contrary to one of the statute's primary purposes.[17]

The Court finds no reason that post-*Saudi Basic* application of the Borrowing Statute in asbestos litigation should differ from these other contexts. Indeed, at its core an asbestos-exposure action is a personal injury claim. Under the Borrowing Statute's clear and unambiguous terms, the Court must apply to such claims "the *shorter* of the Delaware statute of limitations or the statute of limitations of the state where the cause of action arose. . . ."[18] So, when a personal injury cause of action that arose outside of Delaware is time-barred under the Delaware statute of limitations, the Court must apply the Delaware statute of limitations.[19] Put another way, when a plaintiff alleges personal injury, the maximum limitations period allowable to that plaintiff is Delaware's two-year

attempts to adjudicate it in Delaware, where it would not otherwise be time-barred. *See id.*; *see also Saudi Basic Indus. Corp. v. Mobil Yanbu Petrotechnical Co., Inc.*, 866 A.2d 1, *16-17 (Del. 2005).

[17]     *See TL of Florida, Inc. v. Terex Corp.*, 54 F. Supp. 3d 320, 327 (D. Del. 2014); *TrustCo Bank v. Mathews*, 2015 WL 295373, at *8 (Del. Ch. Jan. 22, 2015) ("[O]nly on a set of facts similar to *Saudi Basic*, where an absurd outcome or a result that subverts the Borrowing Statute's fundamental purpose otherwise would occur, will a party be able to avoid the Borrowing Statute's unambiguous language").

[18]     *Elmer v. Tenneco Resins, Inc.*, 698 F. Supp. 535, 539 (D. Del. 1988) (emphasis in original).

[19]     *Burrell v. Astrazeneca LP*, 2010 WL 3706584, at *4 (Del. Super. Ct. Sept. 20, 2010) (citing *Elmer*, 698 F. Supp. at 539); *Plumb v. Cottle*, 492 F. Supp. 1330, 1336 (D. Del. 1980); *Amoroso v. Joy Mfg. Co.*, 531 A.2d 619, 621 (Del. Super. Ct. 1987)).

statute of limitations.[20]  And if the Court determines that Delaware's two-year statute of limitations bars a plaintiff's claims, it must then grant summary judgment for the defense.[21]

On the facts of this case – a cause of action arising in Michigan but brought in Delaware – Delaware's Borrowing Statute applies.[22]  There are no facts in the record indicating that applying the statute would result in an "absurd outcome" or "subvert the Borrowing Statute's fundamental purpose."[23]  And so, the Court must apply it here.  That, in turn, requires an application of Delaware's shorter two-year statute of limitations for personal injuries.[24]

Viewing the record in the light most favorable to the non-moving party, here the Schultzes, the record reveals no genuine issue of fact exists as to when the statute began to run, if it was ever tolled, or when the Complaint was filed.

---

[20]  *Burrell*, 2010 WL 3706584, at *3 (quoting *Weber v. McDonald's Sys. of Europe, Inc.*, 660 F. Supp. 10, 14 (D. Del. 1985)).

[21]  *Id.* at *4.

[22]  *TrustCo Bank v. Mathews*, 2015 WL 295373, at *8 (Del. Ch. Jan. 22, 2015) ("Presumptively. . . the Borrowing Statute does apply when a plaintiff's cause of action arose out of state, irrespective of whether the plaintiff is forum shopping."); *see also* DEL. CODE ANN. tit 10, § 8121 (2015) ("Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state . . . where the cause of action arose, for bringing an action upon such cause of action. . . ."); *Burrell*, 2010 WL 3706584, at *4.

[23]  *See TrustCo Bank*, 2015 WL 295373, at *8.

[24]  *See supra* notes 11 & 12, quoting Delaware and Michigan's statutory limitations periods.

Because Delaware's statute of limitations expired before Mr. and Mrs. Schultz brought their asbestos exposure claims here in Delaware, the Court must grant judgment as a matter of law to all Defendants.

## IV. CONCLUSION

The Court finds that the Delaware Borrowing Statute applies here. Because, in contravention of 10 *Del. C.* §§ 8119 and 8121, the Schultzes filed file their Complaint after Delaware's two-year statute of limitations had run, it is time-barred. The Court must therefore **GRANT** Defendants' Motion for Summary Judgment.[25] The Complaint is hereby **DISMISSED, with prejudice.**

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary
cc:     All counsel via File & Serve

---

[25]     The Schultzes argue alternatively that should the Court grant the Defendants summary judgment, the Court should then also "permit" the Schultzes to file their claims in Michigan. Pl.'s Resp. Br. 3 n.2. Yet they have failed to explain – in either their briefing or at argument – how this Court can do so. The viability of their asbestos claims in Michigan is a matter for the Michigan courts to decide.