## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE LIMA DELTA COMPANY, a
Delaware Corporation, TRIDENT
AVIATION SERVICES, LLC, a
Delaware Limited Liability Company,
and SOCIÉTÉ COMMERCIALE ET
INDUSTRIELLE KATANGAISE,

      Plaintiffs,

      v.

GULFSTREAM AEROSPACE
CORPORATION, a Delaware
Corporation, and GULFSTREAM
AEROSPACE CORPORATION, a
Georgia Corporation,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N14C-02-042 MMJ

Submitted: December 5, 2018
Decided: February 13, 2019

On Defendants' Motion to Dismiss Plaintiffs' Amended Complaint
**GRANTED**

## OPINION

Jennifer L. Dering, Esquire, Joseph A. Martin, Esquire, Jeffrey Lubin, Esquire
(Argued), Martin Law Firm LLC, Attorneys for Plaintiffs

Brett D. Fallon, Esquire, Morris James LLP, Gary L. Halbert, Esquire (Argued),
Holland & Knight LLP, Attorneys for Defendants

**JOHNSTON, J.**

# PROCEDURAL AND FACTUAL CONTEXT

A Gulfstream aircraft crashed on February 12, 2012 in the Democratic Republic of the Congo. Defendant Gulfstream Aerospace Corporation, a Georgia Corporation ("Gulfstream")[1] manufactured the aircraft and sold it in January 1990. Plaintiff The Lima Delta Company ("Lima Delta") purchased the aircraft on the secondary market on May 4, 2011. Plaintiff Société Commerciale et Industrielle Katangaise ("Socikat") is referred to in the Complaint as the "equitable owner." Plaintiff Trident Aviation Services, LLC ("Trident") managed the aircraft for Socikat.

The Complaint was filed on February 5, 2014. An Amended Complaint was filed August 10, 2018. Plaintiffs allege that the crash was caused by failure of the aircraft's "brake-by-wire" system. Plaintiffs seek damages on the bases of negligence, strict liability, and breach of warranty

Defendants seek dismissal of the Amended Complaint. Defendants contend that: the tort claims are barred by the economic loss doctrine; the strict liability claim is preempted by Delaware's UCC; the fraud claim fails for lack of particularity; and the breach of warranty claim is precluded by the statute of limitations.

---

[1] Delaware corporation Gulfstream Aerospace Corporation also is named as a Defendant.

## MOTION TO DISMISS STANDARD

In a Rule 12(b)(6) Motion to Dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[2] The Court must accept as true all well-pleaded allegations.[3] Every reasonable factual inference will be drawn in the non-moving party's favor.[4] If the claimant may recover under that standard of review, the Court must deny the Motion to Dismiss.[5]

## ANALYSIS

### Strict Liability

Plaintiffs have withdrawn their strict liability claim.

### Economic Loss Doctrine

There is no recovery in tort for purely economic loss caused by a defective product.[6] Economic losses include monetary loss, cost of repair or replacement, loss of business or employment opportunities, and diminution in value.[7] The

---

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978).
[3] *Id.*
[4] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del.2005)).
[5] *Spence*, 396 A.2d at 968.
[6] *Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194, 1198 (Del. 1992).
[7] *J. W. Walker & Sons, Inc. v. Constr. Mgmt. Serv., Inc.*, 2008 WL 1891385, at *1 (Del. Super.).

3

rationale underlying the economic loss doctrine is that the "increased cost to the public that would result from holding a manufacturer liable in tort for injury to the product itself is not justified."[8] The UCC's contractual warranty, with limitations on liability, is the appropriate remedy.[9] In Delaware, the economic loss doctrine is a complete bar to recovery in tort of economic losses caused by defective products.[10]

Plaintiffs assert that this case presents a matter of first impression in Delaware. Plaintiffs allege that the airplane crash was caused by faulty brakes. Further, Defendants knew the brakes were defective, but failed to notify the Federal Aviation Administration ("FAA"), as required. Five people were killed in the crash. Plaintiffs argue that those deaths are sufficient to make the economic loss doctrine inapplicable in this case. Plaintiffs reason that where personal injury is clear, the product, *i.e.*, braking system, has not damaged only itself. Rather, the product has caused personal injury and damage to *other* property.

The focus of the economic loss doctrine analysis is the nature of damages sought. In this case, Plaintiffs are not requesting recovery for personal injuries. Instead, Plaintiffs argue that the defective product is the braking system. The damage is to Plaintiffs' "other property" – the aircraft. Plaintiffs concede that in

---

[8] *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 872 (1986).
[9] *Id.* at 872-73.
[10] *Danforth*, 608 A.2d at 1200.

4

this lawsuit, they are not seeking personal injury damages or third-party property damages. Plaintiffs request damages measured as the value of the aircraft, loss of use of the aircraft, lost earnings, and incidental and consequential losses. Personal injury damages and damages to property owned by non-parties are not part of this action.

Plaintiffs cite *Silivanch v. Celebrity Cruises, Inc.*[11] for the proposition that the economic loss doctrine does not preclude a tort action where the defective product causes personal injury, even if the plaintiff is not one of the injured.[12] In that case, the product was a water filter. Evidence demonstrated that the defective design of the filter was a proximate cause of an outbreak of Legionnaires disease on the ship.[13]

The Court finds *Silivanch* distinguishable. The defective product was the filter. The defective filter damaged another product – the ship's water supply. The tainted water supply directly caused the disease outbreak. There were no direct claims in *Silivanch* for personal injuries. The plaintiff was seeking indemnification and contribution for the sick passengers' claims. The damages awarded did not

---

[11] 171 F. Supp. 2d 241 (S.D.N.Y. 2001).
[12] *Id.* at 272.
[13] *Id.* at 253.

include the value of the allegedly defective product or the water/product damaged by the filter.[14]

Defendants have presented authority from other jurisdictions, holding that personal injuries and property damages suffered by non-parties are irrelevant to the economic loss doctrine analysis.[15] The *Silivanch* decision is against the weight of authority.

Plaintiffs also argue that the economic loss doctrine does not bar their negligent misrepresentation claim. A plaintiff seeking damages for negligent misrepresentation, where the losses are solely economic, must demonstrate two elements: (1) that the defendant supplied information to the plaintiff for use in business transactions with third parties; and (2) that the defendant is in the business of supplying information.[16] Information must be the end and aim product of the information-provider's work.[17] Defendants in this case provide information that is merely incidental to the sale of the product. Defendants are not in the business of supplying information.

---

[14] *Id.* at 250-51.

[15] *See Mountain W. Helicopters v. Textron,* Inc., 13 Fed. Appx. 855, 856 (10th Cir. 2001); *Am. Eagle Ins. Co. v. United Techs. Corp.,* 48 F.3d 142, 145 (5th Cir. 1996); *Marsulex Envtl. Techs. v. Selip S.P.A.,* 247 F.Supp. 3d 504, 516-19 (M.D. Pa. 2017); *Ensign U.S. Drilling, Inc. v. Weatherford U.S. Ltd, P'ship,* 2015 WL 4512320, at *4 (D. Colo.); *Pysca Panama, S.A. v. Tensar Earth Techs., Inc.* 625 F.Supp. 2d 1198, 1247 (S.D. Fla. 2008); *Midwest Helicopters Airways, Inc. v. Sikorsky Aircraft,* 849 F.Supp. 666, 672 (E.D. Wis. 1994).

[16] *Millsboro Fire Co. v. Construc. Mgmt. Servs., Inc.,* 2006 WL 1867705, at *2 (Del. Super).

[17] *Riverbend Cmty., LLC v. Green Stone Eng'g, LLC,* 2012 WL 1409013, at *4 (Del. Super).

6

The Court finds that the economic loss doctrine bars Plaintiffs' tort claims. Plaintiffs seek only their own economic losses. Damages resulting from personal injury or property damage to non-parties do not exempt application of the doctrine. Additionally, Defendants are not information providers for purposes of Plaintiffs' negligent misrepresentation claim.

**Fraud**

Rule 9(b) of the Superior Court Civil Rules provides that for all claims of fraud, the circumstances must be pled with particularity. Particularity means the time, place and content of the fraudulent act or omission; the identity of the person making the misrepresentation or omission; and what that person intended to gain.[18]

Plaintiffs have alleged the following. First, Gulfstream misrepresented or failed to disclose material facts regarding the aircraft's brake-by-wire system. Second, Gulfstream had knowledge that the brake-by-wire system was "notoriously fraught with problems" from the first few years after the manufacture. Third, Gulfstream intended that purchasers would rely on the misrepresentations or omissions that the aircraft was airworthy. Gulfstream was aware, or should have been aware, that the representations were false or misleading, or that Gulfstream

---

[18] *MHS Capital LLC v. Goggin*, 2018 WL 2149718, at *9 (Del. Ch.); *Commonwealth Constr. Co. v. Cornerstone Fellowship Baptist Church, Inc.*, 2006 WL 2567916, at *25 (Del. Super.).

acted with reckless indifference. Fourth, Plaintiffs justifiably relied on Gulfstream's misrepresentations or omissions. Finally, Plaintiffs were damaged as a result of that reliance.

For purposes of this Motion to Dismiss, the Court assumes that the following facts are true. The brake-by-wire system failed. The aircraft pilots assumed that the signal brakes were operating correctly. This assumption delayed the pilots from taking additional action to slow the aircraft. The original braking system had a known defect. The defect was that the system signaled that the brakes were working (a false positive) when the brakes were in fact failing. An optional replacement system had been offered for sale by Gulfstream.

Plaintiffs provided an exhibit that lists numerous brake failures. However, the exhibit lists events in which brakes may have been involved, not any specific mechanical or design defects. Plaintiffs conceded at argument that they do not know whether the listed failures were related to any particular design defect. Plaintiffs further concede that they do not have a date upon which Gulfstream failed to provide information to the FAA.

The Court finds that such alleged evidence might be sufficient to survive a motion to dismiss for negligence or product liability claims. However, a greater degree of specificity is required for pleading fraudulent concealment, failure to disclose, or misrepresentation.

8

Plaintiffs' allegations of fraud are conclusory. Essentially, Plaintiffs state that because the brakes failed, the product must have been defective. No particular defect has been identified. Such pleadings lack sufficient particularity for fraud claims under Rule 9(b).

**Warranties**

An action for breach of warranty must be brought within four years after the breach occurs.[19] "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."[20] There is no express warranty extension to future performance at issue in this case.

Section 2-725 does not alter the law on tolling the statute of limitations.[21] In a breach of warranty claim, the statute of limitations may be tolled by fraudulent concealment. Fraudulent concealment must be pled with particularity.[22] Silence or failure to disclose does not constitute fraudulent concealment sufficient to suspend the statute of limitations.[23]

---

[19] 6 *Del. C.* § 2-725.
[20] 6 *Del. C.* § 2-725(2).
[21] 6 *Del. C.* § 2-725(4).
[22] *In re Estate of Lamberth*, 2018 WL 3239902, at \*4 (Del. Ch.); *Boeing by Levit v. Shrontz*, 1992 WL 81228, at \*3 (Del. Ch.).
[23] *Amoroso v. Joy Mfg. Co.*, 531 A.2d 619, 619-621 (Del. Super.).

Plaintiffs' fraudulent concealment allegations are based on Gulfstream's alleged failure to disclose information to the FAA. The Court finds these allegations to be conclusory. For the same reasons the Court found Plaintiffs' fraud claims must fail for lack of particularity, the fraudulent concealment tolling argument is insufficient.

Section 2-725(2) provides: "A cause of action accrues when the breach occurs, ***regardless of the aggrieved party's lack of knowledge of the breach***." (Emphasis added.) Plaintiffs argue that application of the explicit statutory language is "nonsensical" because no plaintiff could have a "ripe viable cause of action before it suffered damages...." Plaintiffs urge this Court to "interpret the statute in a way that makes sense...."

The Court is constrained to interpret clear and unambiguous statutory language as enacted by the General Assembly. By their nature, statutes of limitation are somewhat arbitrary and can be draconian in application. Barring a breach of warranty cause of action by a subsequent purchaser is neither unusual nor unprecedented. For example, a purchaser of a used automobile may not seek relief from the manufacturer on the basis of breach of warranty when the warranty period has expired. Automobile dealers may offer buyers the opportunity to buy extended warranties, in recognition of the fact that manufacturers' warranties are limited in time.

The Court holds that the 4-year limitations period set forth in 6 *Del. C.* § 2-725 bars Plaintiffs' breach of warranty claim. Plaintiffs have failed to plead with sufficient particularity any grounds for tolling on the basis of fraudulent concealment.

## CONCLUSION

The Court finds that the economic loss doctrine bars Plaintiffs' tort claims. Plaintiffs seek only their own economic losses. Damages resulting from personal injury or property damage to non-parties do not exempt application of the doctrine. Additionally, Defendants are not information providers for purposes of Plaintiffs' negligent misrepresentation claim.

Plaintiffs' allegations of fraud are conclusory. Essentially, Plaintiffs state that because the brakes failed, the product must have been defective. No particular defect has been identified. Such pleadings lack sufficient particularity for fraud claims under Rule 9(b).

The Court holds that the 4-year limitations period set forth in 6 *Del. C.* § 2-275 bars Plaintiffs' breach of warranty claim. Plaintiffs have failed to plead with sufficient particularity any grounds for tolling on the basis of fraudulent concealment.

**THEREFORE,** Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is hereby **GRANTED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

12